# CHARLESTON.

FELTON v. FELTON et al..

Submitted June 15, 1899—Decided November 18, 1899.

1. RECEIVER—*Report.*
   A special receiver's report of his accounts has no binding force in the case unless confirmed by the court. (p. 28.)

2. RECEIVER—*Commissioner.*
   A special receiver may be required by the court, at the instance of any party interested, to make settlement before a commissioner; and a commissioner is not bound to take as correct the report of his accounts made by the receiver. (p. 28.)

3. RECEIVER—*Settlement.*
   A settlement of a receiver's accounts made by a commissioner is taken to be right as to matters of fact, unless intrinsic or other evidence manifests errors in it. (p. 28.)

4. COMMISSIONER—*Report.*
   If a commissioner fail to return, as he should do, with his report, the evidence before him, the party desiring it must ask the court to require its production; else, he cannot make its absence a ground of error. (p. 30.)

Appeal from circuit court, Randolph County.

Suit by John C. Felton against Joseph H. Felton and others. From the settlement of the accounts of Henry Skidmore, receiver, he appeals.

*Affirmed.*

SAMUEL V. WOODS and W. T. GEORGE, for appellant.

F. O. BLUE, for appellees.

BRANNON, JUDGE.

In the chancery suit, in the circuit court of Randolph County, of Felton v. Felton, Henry Skidmore was appointed special receiver of certain personal property involved in the suit, consisting of lumber, logs, wagons, horses, a sawmill, and other things pertaining to a lumber business, with power to sell lumber on hand, manufacture

into lumber logs already cut, and sell the lumber, and sell the mill and other property. The receiver was called to settle his accounts by reference to a commissioner, and, the commissioner finding in his hands a balance of five hundred and seventeen dollars and ninety-five cents, the court confirmed the report over exceptions made by Skidmore, and directed him to apply the same on specified costs and debts decreed against the fund; and Skidmore appeals because the court found in his hands a balance of five hundred and seventeen dollars and ninety-five cents, instead of one hundred and ninety-seven dollars and thirty-eight cents, as shown by his report as receiver. It seems to be claimed that the report of Skidmore as receiver must be taken as correct, even over the master's report. Skidmore made one report to the court, which was not confirmed; the court expressly reserving all questions touching its correctness for future action. The other report was laid before the commissioner. I do not understand that a mere report or account of a receiver has any binding force, unless confirmed, because it is his own *ex parte* statement, may be partial, and is to be examined by the court or master. There is a wide distinction between his report and a master's. Smith, Rec. § 355; High, Rec § 801. The receiver should, without order, render accounts and vouchers at reasonable intervals, with vouchers, for inspection by those interested, who, if not satisfied, can ask a settlement before a commissioner; and he is at all times subject to be called on by the court to pass his accounts before the master. Beach. Rec. §§ 746, 748, 801; Smith, Rec. § 416; High, Rec. §§ 797, 802. So there is no error in refusing to receive and decree upon the receiver's reports. But was it error to confirm the commissioner's report? need not say much as to the rule that commissioners' reports, in general, as to matters of fact, are taken as correct, unless shown to be erronous. *Fry* v. *Feamster*, 36 W. Va. 554, (15 S. E. 253). It is laid down, as to settlement of receiver's accounts, that the points of mistake must be definitely specified, and the errors must be clearly shown, if dependent on facts, and not intrinsic. Beach, Rec. § 801.

One exception to the report is that it finds too great an amount of receipts, and should have taken the receiver's reports as to this.

I have shown that the report has no probative effect.
There is no other proof in the record to show the commis-
sioner's debit of receipts excessive.   If the evidence before
him were in the record, and we could see his error in this
matter of fact, we should correct it.   Until chapter 8, Acts
1895, a commissioner need not return the evidence before
him, unless exceptions were filed within ten days; but un-
der that act he must return the evidence with his report.
*Findley* v. *Smith*, 42 W. Va. 299, (26 S. E. 370).   If he does
not, the party should ask the court to make him do so.
Skidmore did not do this.   We therefore cannot say that
there is or is not any error as to this exception.   And, as
to refusal to allow a disbursement of two hundred and for-
ty-five dollars and fifteen cents, no evidence bears upon it;
no evidence shows it to be a disbursement authorized by
court, or actually necessary.   The total of assets is one
thousand four hundred and two dollars and twenty-four
cents.   Very many disbursements, amounting to eight
hundred and eighty-four dollars and twenty-nine cents,
were allowed.   This one is a large one, materially dimin-
ishing the small fund; and High on Receivers (section 798)
says that "a receiver will not ordinarily be permitted to
make any expenditures which will seriously diminish the
fund without the sanction and authority of the court, and
it is his duty to apply to the court for instructions as to ex-
penditures."   This court held in *Crumlish's Adm'r* v.
*Railroad Co.*, 40 W. Va. 627, (22 S. E. 90), that, in the ab-
sence of authority previously given, expenditures of a re-
ceiver, to be allowed, must be reasonable, proper, essential,
and necessary in the due and ordinary execution of his
office, and such as were contemplated in his appointment,
and according to the nature of his business.   In cases in-
volving large outlay, he must "always apply to the court in
advance for authority to make it."   No evidence shows
anything whatever under this rule for this large outlay,
eating up the little remnant left after seemingly large le-
gitimate expenditures, and no authority of court to make
it; and, the commissioner and court refusing it, we are asked
to reverse for its disallowance.   From the little I can glean
from the face of this voucher, it seems excessive for the
work committed to the receiver, when we see so many
other vouchers for such work.   I see nothing to show that

it is within the work contemplated in the appointment. It is not shown to be necessary in the accomplishment of that work.

As to a refusal to allow an item of eighteen dollars alleged by the exception to have been allowed by a court order. There is no such order in the record. No evidence shows that the commissioner erred in allowing only one hundred dollars for compensation to the receiver in addition to attorney's fee of fifty dollars.

There was an exception because the commissioner did not file with his report the evidence before him. He does not expressly mention it in his report, as a part of it; but he surely filed it, and if he did, it would identify itself with the case, and need not be specially mentioned in the report. He must have filed it, because several depositions taken before the commissioner are in the record, and the clerk certifies that others were omitted from the record by direction of Skidmore's counsel. If there is anything in them to help his cause, I presume he would have inserted them. The commissioner does not appear to have failed to return the depositions. But, if he did, Skidmore could and should have asked the court to require him to file them. A party cannot let his case go to hearing, knowing of such failure of the commissioner, without asking the court to compel their production. He can get the benefit of them without resorting to an appeal. But they seem to have been returned, and the counsel of Skidmore asked the clerk to omit them.

Another assignment of error is that the court decreed the distribution of the fund found in the receiver's hands, and recommitted the case to a commissioner to take additional proof as to money which had or should have come into the hands of the receiver. The receiver was not discharged, and would have further money in his hands in the future. This recommitment could not go back of the close of the confirmed settlement. I understand it to be common practice to decree distribution from time to time of funds in the hands of receivers, plainly going to creditors, on which the receiver can have no possible personal claim, as this receiver had not. Creditors might complain of this. He cannot. Interlocutory or *pendente lite* orders for distribution are very common, and chiefly concern creditors

not the receiver, who has no claim on the fund. Smith, Rec. § 357. No creditor is complaining of this. The record indicates that the business is practically closed. Decree affirmed.

*Affirmed.*