[No. 5798.]

## Rizzuto v. The R. W. English Lumber Company.

1. **Principal and Agent—Powers of Agent**—The manager of a private corporation engaged in the sale of lumber at retail, has no implied power to borrow money on the principal's credit, or execute in its name a promissory note therefor.—P. 414.

2. **Principal and Agent—Ratification**—Agent borrows money giving the joint note of the principal and himself therefor, and deposits it in bank to the credit of his principal to make good a shortage in his account, concealing from his principal the shortage, the loan, and the deposit. Held, though the money was used for the account of the principal, there was no ratification.—P. 415.

*Appeal from Otero District Court.*
*Hon. John H. Voorhees, Judge.*

Mr. Fred A. Sabin, for appellant.

No appearance for appellee.

Mr. Justice Campbell delivered the opinion of the court:

The questions for decision are:

1. Has a general manager of a corporation engaged in selling lumber at retail, by virtue of his employment merely, power to borrow money for his company and issue its promissory note therefor?

2. If not, was the exercise of that power by the manager in this case ratified by his principal?

The defendant company owned lumber yards in different towns in this state, one of which was in La Junta, and the local manager was A. W. English. He had only the powers possessed by a general manager of a corporation engaged in a retail business; he had no specific authority to borrow money or to execute his principal's promissory notes. There was no necessity for borrowing money to carry on the business of his principal, and the plaintiff, of whom the manager borrowed money and to whom he gave a joint note signed by his principal and himself, did not inquire as to the manager's authority in the premises, and neither he nor the company knew that the manager had previously assumed to possess and exercise such power.

It has been repeatedly held in this state that a manager of a private corporation engaged in such business as the selling of lumber at retail has no authority, by virtue of his employment merely, to borrow money on the credit of his principal or give the latter's note therefor.—*Breed v. First National Bank of Central City*, 4 Colo. 481; same case, 6 Colo. 235; *The Sanford Cattle Company v. Williams*, 18 Col. App. 378.

It is doubtful, from the evidence, if defendant's manager borrowed, or plaintiff lent, this money for the use of the company or upon its credit. While both of them so testified, the note which was given as evidence of the loan is a joint note of the company and of the manager. This circumstance tends to show that plaintiff was not loaning money to defendant on the strength of its credit alone, but relied, in a measure at least, upon the name of the manager.

The manager did not have authority to borrow money or give the company's note, and it is equally clear that the company did not hold him out as possessing such power, and in the manner of conducting

the business there was nothing to indicate to third persons that any such power was vested in him.

It has been held, in the cases already cited and cases referred to in the opinions therein, that though an agent may not have the power to borrow money for his principal, yet if he purports to do so and the principal has received the benefit of the transaction with a knowledge of the facts, this may be evidence of a ratification of the unauthorized act. We do not think this principle applicable to the facts of this case. Defendant's manager was short in his accounts. Before plaintiff lent the money the manager had drawn a check in favor of defendant on the local bank without funds to meet it, and the money borrowed of plaintiff by the manager without any authority of defendant was, we think, in fact borrowed for the manager himself, at least the trial court might have so found, and deposited to the credit of defendant's account in the local bank to meet his own shortage. So far as the record discloses, the defendant company never knew until the time of the trial that the money given by the plaintiff to the manager was ever deposited to the credit of its account. On the contrary, his written reports to defendant and the circumstances of this case sufficiently show that the money fraudulently obtained from the plaintiff by the manager has never been received or appropriated by the defendant, but was used by the manager to make good his own shortage to his principal, the defendant in the case.

We think the court was right in directing a non-suit, and if a judgment in plaintiff's favor had been rendered on the evidence, it would be set aside. The judgment is therefore affirmed.      *Affirmed.*

Mr. Justice Gabbert and Mr. Justice Bailey concur.