[No. 1381. August 26, 1911.]

## L. B. HOWEY, ET AL., Appellees, v. E. R. GESSLER, ET AL., Appellants.

### SYLLABUS.

1. Under the provisions of Section 21, Chapter 57, Laws of 1907, requiring that each error relied upon shall be stated in separate paragraphs, an assignment of error that the court erred in rendering judgment on the complaint and evidence, raises only the question of variance between the pleadings and proof, and no variance being apparent upon the record, the assignment is not well taken.

2. Where it appears from the transcript that the complaint was sworn to and contained copies of the notes and mortgage sued upon, the execution of all of which was admitted by the failure of the defendants to deny the execution, and it also appears from the decree that the plaintiffs exhibited the notes sued upon to the court, there was proof sufficient to sustain the decree.

Appeal from the District Court for Eddy County, before W. H. POPE, Chief Justice. Affirmed.

JAMES R. JAFFRAY and D. D. TEMPLE for Appellants.

Sufficiency of complaint. Dame v. Cochiti R. & I. Co., 13 N. M. 10; 6 Enc. P. & P. 45, 117.

Memorandum written on face of note made contract referred to therein integral part of plaintiff's cause. S. S. Salt Co. v. Barber, 49 Pac. 524, Kans.; 1 Daniel Neg. Instruments 194; Wilson v. Roots, 119 Ill. 379; Gardt v. Brown, 113 Ill. 475; 16 Enc. P. & P. 943; 14 Enc. P. & P. 579; Titlow v. Hubbard, 63 Ind. 6; Busch v. C. C. Ger. Bdg. A., 75 Ind. 348; 7 Cyc. 628; Cushing v. Field, 35 Am. Rep. 293; Costello v. Crowell, 127 Mass. 293; Blake v. Coleman, 22 Wis. 416; Leeds v. Lancashire, 5 Maule & S. 25; Johnson v. Haegan, 23 Maine 329; Heywood v. Perrin, 10 Pick. 228; Cook v. Kelsey, 19 N. Y. 415; Wheelock v. Freeman, 13 Pick. 165; Palo Mfg.

Co. v. Parr, Neb. 379; 2 Parsons on Notes and Bills 539; 1 Randolph on Commercial Paper 129; Chitty on Bills 155; Byles on Bills 100; Parker v. American Exchange Bank, 27 S. W. 1071; Dilley v. Van Wie, 6 Wis. 206; Tooker v. Arnoux, 76 N. Y. 397; 14 Enc. P. & P. 529; Chicago Trust and Savings Bank v. Trust Co., 190; 16 Enc. P. & P. 943; John v. Clark, 5 Black 564; Klein v. Currier, 14 Ill. 237; Hank v. Crittenden, 2 McLean U. S. 557; 4 Enc. P. & P. 646; Birks v. Trippet, 1 Saund. 32; Douglass v. Howland, 24 Wend. 51.

Attorney's fees, although contracted to be paid, are not chargeable against defendant unless plaintiff has become liable for the same. Exchange Bank v. Tuttle, 5 N. W. 427; 3 L. R. A. 51, Ga.

J. B. ATKESON for Appellee.

Default judgment. C. L. 1897, sec. 2685, sub-sec. 106; Laws 1905, chap. 26, sec. 1.

Promissory notes are sufficient evidence in any suit. C. L. 1897, secs. 2931, 2984; 14 Enc. P. & P. 589.

Attorney fees called for in promissory note. Exchange Bank v. Tuttle, 5 N. M. 427.

Not necessary to plead notation on promissory note unless payment of note is clearly contingent upon terms of instrument. Joyce on Defenses to Commercial Paper 343; Eaten & Gilber on Commercial Paper 182; Ogden on Negotiable Instruments 46; 14 Enc. P. & P. 579; S. S. Salt Co. v. Barber, 49 Pac. 524, Kas.

### OPINION OF THE COURT.

WRIGHT, J.—On the 8th day of July, 1910, appellees (plaintiffs below) filed suit in the District Court against the appellants on two promissory notes. Both of said notes were secured by a mortgage deed on certain real estate. Copies of the notes and mortgage were attached to the complaint as exhibits and made a part of the complaint. The complaint was duly sworn to. On July 27th, 1910, the defendants in the lower court paid the full sum of the two notes, together with interest due thereon, but

refused to pay the ten per cent. provided in said notes as attorney's fees.   Proper endorsements were made upon the notes showing such payments, and the case thereupon proceeded for the recovery of said attorney's fees.   On August 17th, 1910, the defendants filed a motion asking the court to require the plaintiffs to make their cause of action more definite and certain, which motion was overruled by the court August 24th, 1910.   On September 16th. more than twenty days after such ruling, the defendants not having filed any answer or any further pleading, plaintiffs filed a motion for a default decree, which was granted and judgment was entered for the full amount of attorney's fees provided in said notes, together with interest and costs of suit.   Thereafter, and within the time prescribed by law, the appellants filed a motion to set aside the judgment.   This motion was overruled and the defendants appealed.

The plaintiffs assign four errors.   The first is, that the court erred in rendering judgment by default on the complaint filed in this cause.   The defendants having paid the amount of the claim, except attorney's fees, the sole question is whether the complaint states a sufficient cause of action upon which the court was entitled to enter judgment for the attorney's fees claimed.   We do not think it necessary to discuss this matter further than to say that we have examined the complaint and find the same sufficient.

The second error assigned is, that the court erred in rendering judgment on the complaint and evidence. Under the provisions of Section 21 of Chapter 57, Session Laws of 1907, requiring that each error relied upon shall be stated in separate paragraphs, this assignment is not well taken, unless it may be taken as raising a question of a variance between the pleadings and the proof.   However, the decree in this case was entered upon a default taken against the defendants. The only thing in the record which shows what proofs were offered, appears upon the face of the decree.   The decree recites that the notes were presented to the court and proofs offered and that upon such proofs the court

rendered judgment. There is no variance apparent, therefore, upon the record and this assignment is not well taken.

The third error assigned is, that the court erred in rendering judgment without hearing evidence. It appears from the transcript in this case that the complaint was sworn to and contained copies of the notes and mortgage sued upon, the execution of all of which was admitted by the failure of the defendants to deny the execution of the same. It also appears from the decree that the plaintiffs exhibited the notes sued upon to the court at the time the decree was entered. This was undoubtedly sufficient proof to support the decree.

The fourth and last assignment of error is, that the court erred in not sustaining the motion to vacate said judgment. The motion to vacate the judgment raises but one question which has not already been disposed of, and that is, that the judgment for attorney's fees is void as contrary to public policy. This question has been disposed of by this court in the case of Exchange Bank v. Tuttle, 5 N. M. 427.

There being no error apparent upon the record, the judgment of the lower court is affirmed, and it is so ordered.

McFie, A. J., absent, did not concur.