## No. 10,666.

JONES AS PUBLIC TRUSTEE OF LINCOLN COUNTY *v.* FIRST NATIONAL BANK OF FORT COLLINS.

Decided July 2, 1923. Rehearing denied November 5, 1923.

Action in mandamus. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. TRUST DEED—*Foreclosure—Attorney Fees.* On sale of property under a trust deed, the note and deed must be construed together, and the sale include attorney fees for collection specified in the note, but omitted from the trust deed.

2. PLEADING—*Mandamus—Return.* In a mandamus proceeding involving the foreclosure of a trust deed, the reasonableness of the amount of attorney fees for collection being expressly admitted by the return to the writ, may not be questioned on review.

3. ATTORNEY AND CLIENT—*Note—Collection Fee.* In Colorado, a provision in a note for attorney fees for collection is to protect and indemnify the holder. He can recover only what he has paid or obligated himself to pay, and the payment or obligation must be actual, bona fide and reasonable.

4. MANDAMUS—*Return—Demurrer.* Where a material issue was presented by the pleadings in a mandamus proceeding, a demurrer to the return held improperly sustained.

5. PLEADING—*Information and Belief.* A denial in the statutory form, of lack of knowledge, information or belief, held proper in the case under consideration.

*Error to the District Court of Lincoln County, Hon. John W. Sheafor, Judge.*

Mr. JOHN G. REID, Messrs. SABIN & McGLASHAN, for plaintiff in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

A DEMURRER to the return of the original writ having been sustained, the bank obtained a peremptory writ of mandamus against Jones, public trustee, requiring him to give the bank a certificate of sale, and forbidding him to accept, in redemption, less than the amount of the bid of the bank, and he brings the case here for review.

The bank held a note for a balance of $4,000, plus interest, taxes and attorney's fees. The note provided for ten per cent. attorney's fee "in case of suit upon this note, or if collected by an attorney with or without suit." The trust deed securing this note did not, in terms, provide for an attorney's fee.

At the sale by the public trustee the bank bid $4,899.79,

which included an attorney's fee of $436.26. The trustee refused to issue a certificate of sale to the bank unless it paid this attorney's fee in cash, on the ground that the trust deed did not provide for an attorney's fee, and that he must look to the trust deed alone; and upon mandamus the court held—we think rightly—that the omission of the attorney's fee in the trust deed would not prevent its inclusion in the claim to be satisfied by sale. The note and the trust deed must be construed together, the trustee may sell to satisfy the note, the note provides for the attorney's fee as well as principal and interest, therefore he may sell to satisfy the attorney's fee.

It is claimed that the fee was not reasonable. On the record before us it would seem very large, but the return expressly admits the reasonableness of the fee. If there is a bona fide claim that it is not reasonable the return should be amended, or an answer filed to that effect.

The petition alleged and the return denied that the bank had incurred a liability for the fee. This was a material issue, because, in this state, a provision for an attorney's fee in a note is regarded as to protect and indemnify the holder and not to enrich him, and he can recover only what he has paid or obliged himself to pay, and such payment or obligation must be actual, bona fide and reasonable. *Florence Co. v. Hiawatha Co.*, 55 Colo. 378, 382, 135 Pac. 454. The demurrer to the return was therefore improperly sustained.

It is claimed that the denial of the incurring of the obligation to pay attorney's fees was insufficient, because it was in the statutory form of lack of knowledge, information or belief. We do not see why that form was not properly used in this place.

The case must be reversed, and, to avoid delay, which would be greatly to the injury of both parties, we reverse it now.

Supersedeas denied; judgment reversed; cause remanded for such amendments of the pleadings as may serve the

ends of justice, and for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.