(No. 4637.  April 30, 1927.)

REBECCA JARDINE, Appellant, v. CLAUDE E. HAWKES and ALICE M. HAWKES, His Wife, and H. A. PEDERSEN, Respondents.

[256 Pac. 97.]

Mortgages — Foreclosure—Demand—Attorney's Fees—Reasonableness.

1. Under C. S., sec. 5937, no demand is necessary to bind mortgagors nor to entitle mortgagee to maintain suit for foreclosure, where mortgagors nearly five years after maturity still owed part of principal and some interest.

2. In absence of proof of either tender or ability or willingness to pay note secured by mortgage before suit at place designated in note for payment, mortgagee was entitled to sue and foreclose mortgage.

3. Although a mortgage may specify an amount agreed to be paid as attorney's fees on foreclosure, court is not justified in rendering judgment in excess of a reasonable amount as to which there must be proof.

4. In foreclosing mortgage wherein complaint claimed as due $500 with interest on $300 thereof, $125 held reasonable attorney's fees.

5. Refusal of court to allow attorney's fees for foreclosure of mortgage because of failure to present note for payment *held* erroneous, where mortgagors owed part of principal and some interest nearly five years after maturity, and there was no proof of either tender or ability or willingness to pay note before suit at place designated.

6. Under C. S., sec. 7210, no costs of appeal will be allowed where judgment of trial court is ordered modified.

APPEAL from the District Court of the Fifth Judicial District, for Franklin County. Hon. O. R. Baum, Judge.

Appeal from judgment denying plaintiff attorney's fees and costs on mortgage foreclosure. *Modified and affirmed.*

A. H. Wilkie, for Appellant.

It is not necessary to present a promissory note for payment in order to charge the maker. (C. S., sec. 5937.)

Demand for payment from the maker before bringing suit on a promissory note is not necessary in this state. (*Sabin v. Burke,* 4 Ida. 28, 111, 37 Pac. 352, 357.)

Evans & Morgan, for Respondents.

Attorney's fees and costs should not be allowed in this case, for the reason that the claim was brought to enforce an unjust demand for over $500, when only $274.23 was actually due, and it is an attempt to coerce out of defendants more than they are actually owing. (8 C. J., p. 1104, sec. 1434.)

TAYLOR, J.—Plaintiff appeals from a judgment in her favor foreclosing a mortgage, and specifies as error the re-

Publisher's Note.

3. See 19 R. C. L. 569.

See Costs, 15 C. J., sec. 618, p. 251, n. 60.

Mortgages, 27 Cyc., p. 1519, n. 72, p. 1542, n. 40, p. 1781, n. 2 New, p. 1782, n. 5, p. 1787, n. 41, p. 1788, n. 46.

fusal of the court to allow and include attorney's fees and costs.

The note in suit provided for a reasonable attorney's fee, and the mortgage designated $200 as a fee in case of foreclosure. The court found that the plaintiff had obligated herself to pay $200 attorney's fees, but as the note was payable at a special place, the court concluded, as a matter of law, that the plaintiff was "not entitled to recover attorney's fees or costs in this action because of her failure to present the said note for payment."

[1, 2] The complaint claimed as due $500, with interest on $300 thereof at ten per cent per annum from February 1, 1922, and $200 attorney's fees and costs of suit. The defendants pleaded that the note was payable at the office of H. A. Pedersen & Company, Logan, Utah, and that they had tendered there the amount due on the note, and admitted and offered judgment in the sum of $250, found due as principal, but less than the amount of interest found due. Respondents argue that the amount claimed was greatly in excess of the amount found due, and that the action was unconscionable and an effort to "coerce defendants into paying an extortionate attorney's fee." This, however, was not the ground of the court's ruling. Defendants offered no proof, and no unconscionable facts appear from the proof of the plaintiff. The note was due July 3, 1918, and defendants had made payments thereafter at the place designated for payment. In fact, the record is confused, and it is not altogether clear that the note was not in the office of Pedersen & Company at maturity and for some time thereafter. Yet, nearly five years after maturity, they still owed $250 principal, and some interest. No demand was necessary to bind the defendants (C. S., sec. 5937), nor to entitle plaintiff to maintain the suit (*Sabin v. Burke,* 4 Ida. 28, 111, 37 Pac. 352, 357), and, there being no proof of either a tender or ability or willingness to pay the note before suit at the place designated, the plaintiff was entitled to sue and foreclose the mortgage.

[3]   This court has held that although a mortgage may specify an amount agreed to be paid as attorney's fees upon foreclosure, yet the court is not justified in rendering judgment in excess of a reasonable amount, as to which there must be proof. (*Lewis v. Sutton*, 21 Ida. 541, 122 Pac. 911; *Porter v. Title Guaranty & Surety Co.*, 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111.)

[4–6]   There was evidence that a reasonable attorney's fee would be $125. This was not contested by defendants. They did not even ask the witness a question on cross-examination. This amount may be taken to be a reasonable amount to be allowed. The court erred in not allowing attorney's fees and costs. The judgment will be modified, and the cause remanded to the lower court with instructions to modify the judgment heretofore entered and enter such modified judgment allowing $125 attorney's fees, and the costs of the action to be taxed. The judgment having been ordered modified, no costs of appeal will be allowed. (C. S., sec. 7210.)

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.