No. 18,896.

H. Ralph Redak *v.* Harry D. Leigh, etc.

(354 P. [2d] 1016)

Decided August 15, 1960.

Messrs. Hayutin & Hayutin, for plaintiff in error.

Mr. Morris Rifkin, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

576

THE parties are here in the same order as their appearance in the trial court.

The court entered judgment dismissing plaintiff's complaint instituted to enforce the collection of a promissory note. In the judgment of dismissal the court incorporated the following order: " * * * counsel for defendant having stated that defendant was ready, willing and able to tender into the registry of the Court all sums due plaintiff except attorney's fees and that the only controversy existing was over plaintiff's claim for attorney's fees, the Court therefore finds that no justiciable controversy exists and hereby ORDERS that defendant pay this date the principal and interest due to plaintiff together with his costs expended and that the case be dismissed."

The writ of error is directed only to that portion of the trial court's finding that the matter of attorney's fees provided for in a promissory note is not a "justiciable controversy."

The promissory note involved in the suit was executed on July 16, 1957, secured by chattel mortgage, and by its terms became due in forty-five days. The due date, therefore, was August 30, 1957. On that date the note was not paid. On September 28 the defendant gave the plaintiff $1000 to apply on the note by a check which was not honored at the bank until the following month, October 11. Hence on the date that the $1000 was received on the $2500 promissory note, the note was in default approximately forty-five days. On October 30 plaintiff served the defendant with a summons and complaint out of the district court, alleging the default and the balance due on the note of $1500 plus interest. On either the date of the service of the summons or the day after, the defendant tendered to plaintiff a check for $1500 plus $37.50 interest, which, however, was postdated and had a notation thereon "Hold for deposit until November 21, 1957." The manner of delivery of the check and its retention is not determinable from the

record here, but from the exhibits and correspondence it appears that the check was turned over to the attorney who had prepared the complaint and summons. On the day following the tender the check was returned with a letter stating the "postdated" check was not acceptable.

Discovery proceedings in the nature of request for admissions and the filing of an amended complaint preceded the filing of an amended answer. Therefore the suit was not at issue until January 22, 1958, approximately three months after the institution of the action. On that date defendant deposited with his answer in the registry of the court the sum of $1550 with the prayer that the court determine "how much of the amount deposited is due the plaintiff, if any, and how much should be returned to defendant."

The cause came on for trial in September, 1958, almost a full year after the filing of the suit.

The only question presented is:

    *In an action on a promissory note providing for the payment of attorney fees by the maker in event of suit, wherein on the date of trial the defendant confesses the amount due and owing and offers to pay the same, including interest, does defendant's denial of liability for, and his refusal to pay, an attorney fee along with the balance owing as alleged in the complaint, present to the court a justiciable controversy requiring determination?*

This question is answered in the affirmative.

Under the cases decided in this jurisdiction, there is no doubt as to the legality and the propriety of a judgment for attorney fees expended in the collection of a note. In one of the early cases, *Byers v. The Bellan Price I. Co.*, 10 Colo. App. 74, 50 Pac. 368, the court held:

" * * * We think judgment for the attorney's fee was properly awarded. It would be an unwarranted interference with the liberty of the citizen to deny him the right to enter into such contracts as he may see fit; and when a contract is not in contravention of public policy,

or violative of any law, *it is the duty of courts to enforce it according to its terms,* when called upon for that purpose."

Again in *Florence Oil & Ref. Co. v. Hiawatha Gas, Oil & Ref. Co.,* 55 Colo. 378, 135 Pac. 454, and in *Jones v. First National Bank,* 74 Colo. 140, 219 Pac. 780, it was determined such a provision is valid and enforcible.

So here, the issues before the court were whether plaintiff had either obligated himself to pay, or had actually paid, attorney fees, and the reasonableness of the amount thereof. The finding of the court in one sentence that "the only controversy existing was over plaintiff's claim for attorney's fees," and the concluding sentence "that no justiciable controversy exists" is incompatible and error.

The judgment is reversed and the cause remanded with instructions to the trial court to hear and determine the amount of the attorney's fees due the plaintiff for institution and prosecution of the suit in the trial court only, and to enter a judgment for plaintiff in the amount so determined within the limits of the terms embodied in the note.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MOORE concur.