563 P.2d 1158

**Robert BUDAGHER, Sheriff of Sandoval County, Trustee for and on behalf of H. E. Leonard, Winona Leonard, and Leonard Motor Company, beneficiaries, and H. E. Leonard, Winona Leonard and Leonard Motor Company, Individually, Plaintiffs-Appellees,**

v.

**SUNNYLAND ENTERPRISES, INC., John E. Kinscherff, and County of Sandoval, Defendants-Appellants.**

**No. 11075.**

Supreme Court of New Mexico.

May 9, 1977.

Poole, Tinnin & Martin, Douglas Seegmiller, Albuquerque, for appellants.

Gallagher & Walker, Peter Gallagher, Albuquerque, for appellees.

## OPINION

McMANUS, Chief Justice.

Plaintiffs-appellees sought personal judgments and the foreclosure of a deed of trust against defendants-appellants John E. Kinscherff and Sunnyland Enterprises, Inc. Defendant Kinscherff appeals from the addition of $45,399.23 for attorney's fees and $454.64 for costs to the $453,022.25 found due and owing.

On June 29, 1973, plaintiffs H. E. Leonard, Winona Leonard, and Leonard Motor Company sold certain real estate in Sandoval County to Sunnyland Enterprises, Inc. (Sunnyland). Plaintiffs received a real estate mortgage note, a deed of trust, and $57,871.32 as down payment. Sunnyland conveyed its interest in the land to Kinscherff that same day; Kinscherff did not assume personal liability for payment of any obligations secured by the land. Sunnyland defaulted on the payment of the note on November 3, 1975. The trial court found $453,992.25 to be due and owing, and it added $45,399.23 in attorney's fees (ten per cent) and $454.64 in costs.

First, defendant argues that the attorney's fees were excessive and unreasonable. The real estate mortgage note provides that upon default the entire amount will be due and payable, " * * * with ten per cent (10%) additional on amount unpaid should this note be placed in the hands of an attorney for collection." Defendant filed a motion declaring that ten per cent was excessive and that he should be able to introduce evidence of reasonable attorney's fees. The trial court denied the motion.

This Court has never explicitly held that a contract provision which awards excessive attorney fees may be subject to reduction by the trial court upon proof of the unreasonableness of the amount. We long ago held that such contract provisions were valid and enforceable in *Bank of Dallas v. Tuttle,* 5 N.M. 427, 23 P. 241 (1890). After stating the above rules, that case proceeded to qualify the holding:

[I]t does not follow, and this court does not hold, that the courts will not interfere to prevent oppression and collusion, where the facts are brought before the court in the proper manner. The courts have held void many of the provisions for attorney's fees in notes and contracts, where they are uncertain, excessive, or oppressive. Even where a fixed sum has been agreed upon by the parties, the courts have interfered to afford relief, where the amount was clearly exorbitant or oppressive, and the facts were shown to the court. In this case, services of the attorney were rendered. It is not shown that the amount contracted for was excessive . . .. [W]e must presume that the amount fixed was the reasonable value of the services rendered, until the contrary appears.

5 N.M. at 434, 23 P. at 243.

The federal court in *First Savings Bank & Trust Co. v. Stuppi,* 2 F.2d 822, 824 (8th Cir. 1924) construed the Bank of Dallas decision to hold "that such a provision means that the fee shall be reasonable in value not exceeding the amount stipulated." Although this was not the specific holding in *Bank of Dallas,* we feel that this is the

correct statement of law and we now so decide. It is clearly within the equitable power of the court to consider and reduce an excessive fee. See generally, 59 C.J.S. Mortgages § 812d(2) (1949); 55 Am.Jur.2d Mortgages § 627 (1971); 17 A.L.R.2d 288 (1951). If the trial court determines that the contract amount is reasonable, it may order such amount paid; however, when the reasonableness is challenged, it is incumbent upon the court to determine the value of the services rendered.

Plaintiffs argue that such contractual agreements must be enforced as written. We have never held such because in cases subsequent to *Bank of Dallas,* the reasonableness of the fee was not contested. See *Yates v. Ferguson,* 81 N.M. 613, 471 P.2d 183 (1970); *Shortle v. McCloskey,* 39 N.M. 273, 46 P.2d 50 (1935); *Sandell v. Norment,* 19 N.M. 549, 145 P. 259 (1914); *Howey v. Gessler,* 16 N.M. 319, 117 P. 734 (1911); *Armijo v. Henry,* 14 N.M. 181, 89 P. 305 (1907).

The majority of courts have also held that where the mortgage provides for either a stipulated fee or percentage, the court should, in its equitable discretion, only allow such sums as may be reasonable. *Jones v. First Nat. Bank of Ft. Collins,* 74 Colo. 140, 219 P. 780 (1923); *Jardine v. Hawkes,* 44 Idaho 237, 256 P. 97 (1927); *Foulke v. Hatfield Fair Grounds Bazaar, Inc.,* 196 Pa.Super. 155, 173 A.2d 703 (1961); *Matheson v. Rogers,* 84 S.C. 458, 65 S.E. 1054 (1909); *Dermott v. Carter,* 151 Va. 81, 144 S.E. 602 (1928); *Graves v. Burch,* 26 Wyo. 192, 181 P. 354 (1919). Since such a clause is generally considered an indemnification provision, the payee is only entitled to a reasonable fee for the legal services rendered.

■ We hold that the trial court abused its discretion in refusing to consider evidence concerning the reasonableness of the fees awarded in connection with the judgment. We also find that the trial court did not abuse its discretion in awarding costs for copies of the depositions. We reverse the trial court's denial of the motion to consider evidence on the question of at-

torney fees and remand for a disposition in accordance with this decision.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.

SOSA, J., respectfully dissents.

SOSA, Justice.

I respectfully dissent.

Although on philosophical grounds I tend to agree with the result reached by the majority, I cannot agree to that result in light of general contractual law. Both parties here were capable of entering into a contract or note and were able to understand the provisions they agreed upon. They could have easily provided for reasonable attorney's fees rather than a flat fee. Courts should not rewrite clear and unambiguous clauses in a contract or note merely because one party later dislikes the financial consequences of what he agrees to in that contract or note. Thus, I do not agree that the clause in the note must be interpreted to say "a reasonable amount, up to but not more than ten percent."