[No. 6949]

## FLORENCE OIL & REFINING CO. v. HIAWATHA GAS, OIL & REFINING CO.

1. APPEALS—*Finding on Conflicting Evidence*, manifestly right, will not be disturbed.

2. PROMISSORY NOTES—*Stipulation to Pay Attorney's Fee*, is, in effect, an agreement to indemnify the holder against the expense incurred in the employment of an attorney to enforce collection. The holder is entitled to recover only such reasonable and necessary amount as he has been compelled to pay, or has become liable for.

The presumption is that the amount so stipulated is a reasonable one, and the reasonable value of the attorney's services; and if no issue is presented upon this question, the stipulation warrants a judgment for the agreed amount.

3. PLEADINGS—*Complaint—On Promissory Note Demanding an Attorney's fee*—A complaint setting forth *in haec verba*, a promissory note containing an express promise to pay ten per cent of the face thereof as an attorney's fee, in case it should be placed in the hands of an attorney for collection, averring further that the note has been placed in the hands of plaintiff's attorneys, for collection, that no part of such attorney's fees have been paid, and claiming damages, states a cause of action.

4. ——*Amendment—Upon Trial*—Whether an application to amend the pleadings, made during the trial, shall be allowed, rests in the discretion of the trial court. Its action will not be reviewed where no abuse of the discretion appears.

Action upon a promissory note, the complaint demanding ten per cent of the amount thereof, as an attorney's fee, according to an express stipulation contained in the note. An answer filed long before the trial raised no question as to the reasonableness of the fee so agreed upon. An application made during the trial for leave to amend the answer so as to allege that the stipulated fee was an unreasonable one gave no excuse for the failure to present this issue at an earlier date. The application was denied. *Held* there was no abuse of the discretion.

*Appeal from Fremont District Court.*—Hon. CHARLES CAVENDER, Judge.

Mr. JAMES T. LOCKE, for appellant.

Mr. GEORGE H. WILKES and Mr. CHARLES D. BRADLEY, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The Hiawatha Oil Gas and Refining Company, as plaintiff, brought suit against The Florence Oil and Refining Company, as defendant, upon ten promissory notes. The trial of the cause to the court resulted in a judgment in favor of the plaintiff, from which the defendant has appealed.

As a defense to the action, the defendant pleaded, that although, according to the terms and conditions of the several notes, they were due at the time the action was commenced, that under an agreement, entered into with the plaintiff, the time for payment had been extended. This was denied by plaintiff. On the issue thus made, the finding on conflicting evidence was in favor of the plaintiff. It is urged that the testimony is insufficient to sustain this finding. The conflict in the testimony, and the inference to be deduced, from all the facts and circumstances material to consider in determining the question of fact in issue, were matters peculiarly within the province of the trial judge to determine, and the finding will not be disturbed on review, when it appears, as it does from the testimony as a whole, that it is not only sufficient to sustain the finding, but discloses that it is unquestionably right.

Each of the notes contained the following stipulation: And in the event of a suit to enforce the collection of this note, or any portion thereof, or the placing of the same in the hands of an attorney for collection, we further agree to pay the additional sum of ten per cent., upon the amount due as attorney's fee.''

In the complaint it was alleged in substance, that the notes in question had been placed in the hands of plaintiff's attorney for collection, and that no part of the attorney's fee, provided for in the notes, had been paid. For answer to these allegations, the defendant

stated that he had no knowledge or information as to whether the notes had been placed in the hands of plaintiffs attorneys for collection.

At the trial, plaintiff proved that the notes had been placed in the hands of its attorneys, as alleged. The witness, by whom this testimony was given, was then interrogated as to whether the plaintiff had agreed to pay its attorney the amount stipulated in the notes. To this question the defendant interposed an objection which was sustained, upon the ground that the only question raised by the answer was, whether the notes had been placed in the hands of plaintiff's attorneys for collection, and that where an agreement is made for the payment of a fixed sum as attorney's fees in a note, it can only be overcome by proving that the agreement was secured through fraud or that it is unconscionable. Counsel for defendant then asked leave to amend the answer, by an allegation to the effect that the amount as fixed by the promissory notes for attorney's fees, was an unreasonable sum for bringing and maintaining a suit thereon. This application was denied, for the reason that it came too late. Later the defendant introduced some evidence, the purpose of which was to establish, that the fee claimed and provided for in the notes was more than what the services rendered by plaintiff's attorneys were worth. This testimony was objected to by plaintiff, but the court ruled that it would be received, and if later it was determined to be relevant, the plaintiff would be given an opportunity to introduce testimony on the question, but if it was regarded as incompetent, it would not be considered. Plaintiff offered to prove the reasonable value of the services of an attorney, in bringing and maintaining the action, to which the defendant objected. The court declined to admit such proof, and ruled that testimony on the subject was irrelevant, as under the issues made by the pleadings, the plaintiff was entitled to recover on the

stipulations, and included in the judgment ten per cent. of the principal of the notes for attorney's fees. This is assigned as error, in support of which it is urged, that the stipulations for attorney's fees are void; that the court erred in rendering judgment in any sum for attorney's fees, in the absence of proof as to what they were reasonably worth, and that the complaint did not state facts entitling plaintiff to any sum for attorney's fees.

On the subject of stipulations in notes for attorney's fees there is a wide variance in the adjudicated cases. In some jurisdictions it is held that they are against public policy, and therefore void. There is nothing in our statutes which will render this doctrine applicable. On the contrary, impliedly at least, the general assembly has recognized that they are valid, by providing in the Negotiable Instrument act, section 5052, Rev. Ed. Mill's Statutes, that a note providing for cost of collection or an attorney's fee, in case payment shall not be made at maturity, does not affect its negotiability. In *Byers v. The Bellan-Price I. Co.*, 10 Colo. App. 74, 50 Pac. 368, it was held that such a stipulation was valid, the court saying: "It would be an unwarranted interference with the liberty of the citizen to deny him the right to enter into such contracts as he may see fit, and when a contract is not in contravention of public policy, or violative of any law, it is the duty of the courts to enforce it according to its terms, when called upon for that purpose." Such a provision is intended to protect the holder against loss, if the maker fails to fulfill his undertaking, and there is no reason why the latter may not contract to bear the result occasioned by his own default.

In other jurisdictions, it is held, that where a note provides for a fixed sum as attorney's fees in case of suit, such sum must be regarded as liquidated damages for the expenses incurred for the services of an attorney in bringing and prosecuting an action upon the note.

We think the correct construction of such a stipulation, which has been announced in many cases, is that a provision for a fixed amount for attorney's fees is an agreement to indemnify the holder against the expenses incurred in the employing of an attorney for the enforcement of collection when the maker fails to keep his agreement, and that when the question is properly raised, regarding the reasonableness of a stipulated amount, the holder can only recover such part thereof, as will reimburse him for the reasonable and necessary attorney's fees he has been compelled to pay, or has become liable for, in enforcing collection of the note.

Adopting this construction of a stipulation for the payment of attorney's fees, the next question to consider is the sufficiency of the complaint to justify a recovery on this item. In support of the claim that it is insufficient in this respect, it is urged that it did not allege the reasonable value of the services of an attorney, in bringing and maintaining an action on the notes. The notes stipulated for a fixed per cent. for the amount found due as attorney's fees. They were set out *haec verba*. It was alleged that they had been placed in the hands of plaintiff's attorneys for collection, and that no part of the attorney's fees, provided for in the notes had been paid; judgment was prayed for the amount of these fees as provided in the notes. This was sufficient to state a cause of action for attorney's fees, for the reason that, when by the terms of contract damages are fixed, on the happening of a contingency named, it is enough to allege the breach of the contract in this request, and claim damages on this account, to permit proof of and recovery for such damages without alleging special damages.—*Starnes v. Schofield,* 5 Ind. Ap. 4, 31 N. E. 480; *Harvey v. Baldwin,* 124 Ind. 59, 24 N. E. 347, 26 N. E. 222.

In *Smiley v. Meir,* 47 Ind. 559, it was held that when a promissory note set out in a complaint fixes the amount

of the attorney's fees, it is the same as if the complaint alleged that such sum was a reasonable amount.

The next question to consider is whether the court erred in rendering judgment for attorney's fees, without proof of their value. No issue was tendered by the answer of defendant on this question. When a note provides for a fixed sum for services of an attorney, for enforcing collection, the presumption attaches, that the amount so named, is the reasonable value of such services, when the contingency happens under which the expenses thus provided for may be recovered, until the contrary appears. So that without any issue being made as to the value of the services of plaintiff's attorneys, the stipulations in the notes were sufficient evidence to warrant the court in giving judgment for the amount of the attorney's fees, which it did.—*Exchange Bank v. Tuttle,* 5 N. M. 427, 23 Pac. 241, 7 L. R. A. 445; *Smiley v. Meir, supra.*

The final question relates to the ruling of the court in denying the application of defendant to amend its answer. The granting of an application to amend a pleading during the progress of a trial, rests in the sound discretion of the court and will not be disturbed on review, unless it appears that such discretion was abused. The answer of defendant was filed a considerable time before the trial. By this answer no question was raised regarding the reasonableness of attorney's fees fixed by the notes. The only issue made on the subject, by the answer, was an attempt to deny that the notes had been placed in the hands of plaintiff's attorneys for collection. In support of the application to amend, no showing was made which would excuse the defendant from its failure to make an issue on the reasonableness of the attorney's fees when the original answer was filed. In these cir-

cumstances it does not appear that the court abused his discretion in denying the amendment.

*Judgment of the District Court affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.

Decided July 7th, A. D. 1913. Rehearing denied October 6th, 1913.