No. 11,188.

BISH v. FIRST NATIONAL BANK OF BRIGHTON.

Decided November 23, 1925.

Action to revive canceled promissory notes and for judgment thereon against an endorser. Judgment for plaintiff.

*Affirmed.*

1. BANKS AND BANKING—*Officers—Personal Transactions.* An officer of a bank cannot act for both parties in a transaction in which he is personally interested, and should he do so, his acts will not bind the bank unless ratified by it.

2. PRINCIPAL AND AGENT—*Conflicting Interests.* If an agent without his principal's knowledge or consent has or represents interests which conflict with those of his principal, the latter may repudiate transactions concerning such interests regardless of whether the agent acted in bad faith or whether the transactions resulted in loss to the principal.

3. BILLS AND NOTES—*Collection—Attorney Fees.* In an action to revive canceled promissory notes, for judgment thereon and attorney fees for collection, it is held that under the facts disclosed it was not necessary for plaintiff to allege that he had paid or obligated himself to pay any amount for such legal services.

4. *Collection—Attorney Fees.* In an action to revive canceled notes and for judgment thereon including attorney fees for collection, employment of attorneys being proved, it will be presumed there was an agreement to pay reasonable compensation for their services, and the employment need not be alleged; it is proven by the action itself.

*Error to the District Court of Adams County, Hon. Samuel
W. Johnson, Judge.*

Mr. HARRY S. CLASS, for plaintiff in error.

Mr. J. PAUL HILL, Mr. HARRY BEHM, for defendant in
error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the
court.

This is a suit in equity brought by the First National
Bank of Brighton against W. D. Bish, its former president,
to revive two canceled promissory notes upon which, it is
alleged, Bish was liable as an endorser, and to recover upon
such notes, together with attorney's fees. There was a
judgment for plaintiff. The defendant brings the cause
here for review.

The principal contention of plaintiff in error, defendant
below, is, in effect, that under the undisputed facts the
plaintiff below was not entitled to any relief against de-
fendant.

On November 4, 1919, defendant Bish and one George
R. Smith entered into a partnership agreement for the pur-
pose of purchasing and operating a farm near Brighton.
The following paragraph appears in the written agree-
ment: "Funds necessary for the operation of said farm
shall be secured by joint notes given by both parties to this
agreement and said notes with interest shall be paid from
the returns of the farm and will be considered as a part
of the cost of operation."

Bish and Smith carried on the partnership business. They
purchased the farm. It came to pass, as plaintiff claims,
that on May 22, 1922, plaintiff bank was the owner and
holder of the two promissory notes sought to be revived in
this suit, each being signed by Geo. R. Smith, as maker,

and endorsed on the back by W. D. Bish, defendant herein. One note was for $4,553.99, dated November 8, 1921, due six months after its date. The other note was for $3,000.00, dated October 27, 1921, due six months after date. These notes represented moneys borrowed from the bank by the partnership.

Next comes the transaction complained of in this suit. On May 22, 1922, both of the above mentioned notes were due. Under the evidence of plaintiff, Bish was then liable upon each of the notes as an endorser. He was then the president of the bank, and in charge of its affairs. Without consulting any other officer of the bank, he paid to the bank, in cash, one-half of the aggregate sum of the two notes, and took from Smith a new note for the other half. This new note was signed also by Smith's wife, and was secured by some collateral deposited by Smith. The principal of this note was $3,777.00, which is also the amount Bish paid to the bank. The two old notes, amounting in all to $7,553.99 and interest, were then stamped "paid." Bish did not endorse the new Smith note.

By the transaction last above described, Bish, while president of the plaintiff bank, and while acting as its agent in that transaction, relieved himself of his liability, in his individual capacity, as an endorser upon the two old notes, to the extent of one half of the sum due upon the notes. Because of this circumstance, plaintiff bank seeks to reinstate the two old notes, so far as Bish is affected thereby, so as to revive his liability as an endorser thereon.

In 7 C. J. 541, it is said in the text: "An officer cannot act in a transaction in which he is personally interested for both parties, and should he do so his acts would not bind the bank and would become valid only through implied or expressed authority or ratification."

There appears to be no question as to the soundness of this rule, but plaintiff in error contends that the transaction was ratified. The ratification, however, concerned only the loan to Smith. It is true that the bank approved the new Smith note, but when it did so, it had no knowledge

that this note was given in substitution of previous notes which bore the endorsement of Bish.

The complaint alleges that the new Smith note "was not and is not good bankable paper," and that defendant Bish knew that fact at the time he accepted it on behalf of the bank. The brief of plaintiff in error very ably contends that the undisputed evidence shows that neither of those allegations are true. However, the complaint is good without such allegations, and plaintiff is entitled to relief without such proof. In 2 C. J. 696, it is said: "If * * * the agent, without his principal's full knowledge and consent, has individual interests, or represents interests which are in conflict with those of his principal, the principal when he acquires full knowledge of the facts may repudiate the transaction, without regard to whether the agent actually acted in bad faith, or whether the transaction resulted in a loss to the principal; * * *." Under this rule, plaintiff bank was entitled to relief in equity regardless of the good faith of Bish and regardless of the fact that the new Smith note may have been in fact good bankable paper.

It is also contended that the complaint fails to allege facts sufficient to constitute a cause of action. This contention cannot be sustained, since the complaint alleges facts sufficient to entitle plaintiff to relief under the principles above mentioned. It is claimed also that plaintiff is guilty of laches. The evidence is sufficient to support a finding to the contrary.

It is contended that it was error to allow attorneys' fees because the complaint did not allege that plaintiff had paid or had obligated itself to pay any amount. That allegation was not necessary, in this case. A complaint was held good without it, in *Florence Co. v. Hiawatha Co.*, 55 Colo. 378, 135 Pac. 454. In *Jones v. National Bank*, 74 Colo. 140, 219 Pac. 780, it is said that the plaintiff can recover, as attorney fees, "only what he has paid or obliged himself to pay." However, where the employment of attorneys is proved, it will be presumed that there was an agreement

to pay a reasonable compensation for their services. 8 C. J. 980. And the employment need not be alleged; it is proven by the action itself. 8 C. J. 864.

There is no error in the record. The judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.