No. 12,289.

MIDDLESEX SAFE DEPOSIT AND TRUST COMPANY *v.* JACOBS ET AL.

(290 Pac. 784)

Decided May 19, 1930.

Mr. C. W. DARROW, SADIE H. KORN, Mr. C. H. DARROW, for plaintiff in error.

Messrs. GOODING & MONSON, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action by the Middlesex Safe Deposit & Trust Company, a Massachusetts corporation, against Frankie Jacobs has for its object the foreclosure of a mortgage deed on real estate. The deed was executed by Frankie Jacobs (her former name was Wason), to secure the payment of her promissory note in the principal sum of $3,000 which she executed and gave to one J. A. Coram as payee and which was by the payee, as the complaint alleges, sold, assigned and transferred in writing to the plaintiff bank. For the purpose of securing the payment of this note the defendant made, acknowledged and delivered to Coram, payee, her mortgage deed upon 50 acres of land which she owned, together with ditch and water rights. When this action was instituted the note itself was barred by our six years statute of limitation. While the complaint itself sets forth execution and delivery of the note and assignment and sale thereof as aforesaid, no demand by the plaintiff was made for recovery of a judgment on the note; the only relief prayed is foreclosure of the mortgage and a sale of the mortgaged lands, the proceeds thereof to be applied towards payment of the note and interest, surplus, if any from the sale, to go to the defendant. The answer admits execution of the note and mortgage, and nonpayment, and denies other averments of the complaint, and sets up three affirmative defenses as follows: Second defense.

The defendant avers that the note and mortgage were given to the payee and mortgagee Coram under the following condition, to wit: without consideration, because of friendship then existing between Coram and defendant, to assist the former in raising some ready money, and that defendant would never be called upon to pay the same, of which the plaintiff is charged with notice. This defense avers that defendant had no notice from plaintiff that it held this note and mortgage until she received notice thereof long following its alleged assignment and sale to plaintiff. The third defense avers that the action is barred by force and virtue of section 6392, C. L. 1921, our six years statute of limitation. For a fourth and separate defense the answer avers that plaintiff has been guilty of laches in the bringing of the action to the prejudice and hurt of the defendant in that she could have formerly, and if action upon the note had been seasonably instituted, enforced a judgment against Coram, the payee and alleged assignor of the note to the plaintiff, who is now insolvent. After the trial court had sustained these three affirmative defenses as against the demurrer of the plaintiff, the plaintiff filed a replication traversing the same. At the trial evidence was produced by both parties, and the trial court found the essential issues of fact in favor of the defendant and against the plaintiff and upon such findings rendered judgment against the plaintiff and dismissed the action at its costs. A motion for a new trial was overruled and judgment of dismissal was entered as prayed for, and plaintiff is here for a review of the adverse judgment against it.

The briefs here on both sides are comprehensive, perhaps necessarily so on account of the elaborate written instrument of the trial court in which are embodied a review of the evidence, findings of fact, conclusions of law and a final decree. Because of our conclusion that the judgment must be affirmed and the action dismissed for,

at least, two substantial reasons, we shall restrict our discussion to them.

The complaint alleges that the defendant executed and delivered the promissory note here involved to the payee Coram, which he thereafter sold and assigned to the plaintiff bank. The answer admits execution, delivery and nonpayment of the note, but denies the assignment. At the trial plaintiff produced a note with what purported to be a separate written assignment thereof and rested. In *Marks v. Munson,* 59 Colo. 440, 149 Pac. 440, it was held that this is not sufficient proof of the assignment of a negotiable instrument, and that where, as in this case, there is denial of the assignment it must be established by competent proof. See also 11 A. L. R. 954 and note, where many cases are collected. For this reason alone an affirmance is necessary.

In case of a new trial this proof might be furnished, but there is a more serious defect in the plaintiff's proof that cannot, in event of a new trial, be furnished at all, which required a dismissal of the action, as we proceed to show. After Coram assigned this note, if he did, he became insolvent in the year 1923, long before the commencement of this action, and took the benefit of proceedings in bankruptcy; and in due course was released and discharged from all debts or claims provable under the bankruptcy laws of the United States against his estate and which existed before the filing of his petition in bankruptcy. This note of the defendant Jacobs in suit here of date December 1, 1906, was merely assigned as collateral to the bank, was in its hands, and existed before and at the time that Coram filed his petition in bankruptcy and the giving of his discharge, and Coram's individual note to the bank, for which the note of Jacobs to Coram was given as collateral security, was a provable claim in such bankruptcy proceedings. Coram, the payee of the note, testified by deposition that his discharge in bankruptcy had paid his own note to the plaintiff bank, and in answer to a question propounded to him,

said: "I do not owe the plaintiff anything, as my bankruptcy proceedings cleared me up with all creditors." The trial court found, and so states in its opinion or findings, that Coram was a witness for plaintiff, and not hostile to it, and that no testimony was given in behalf of plaintiff to counteract or overcome the testimony of Coram that he did not, at the time this suit was begun, and has not since the bankruptcy proceedings terminated, been indebted to the plaintiff in any sum whatever. If there was any proof available to the plaintiff to avoid the effect of Coram's discharge in bankruptcy which might tend to show that such discharge for some reason was not operative as to it, it was not produced at this trial and no attempt was made to counteract Coram's testimony on this point. If the bank, as it claims, was the owner and in possession of the Coram note to the bank at the time of these bankruptcy proceedings, and as the note was a provable debt therein, it was its duty to file its claim thereon in the bankruptcy proceedings, which it did not do.

At the time Coram's deposition, which was used in this case, was taken, he had in his possession and under his control this alleged collateral security which was the defendant's promissory note. He also had the written assignment thereof to the plaintiff. The plaintiff, however, in its briefs claims that the record itself sufficiently discloses that Coram's note, at the time he gave his deposition in this case, as matter of fact, had never been transferred or surrendered to him by the bank. The trial court, however, found to the contrary on the evidence before it.

The trial court in its findings gave additional reasons for its findings and judgment, but we think it is not necessary further to consider them.

There is one contention of the plaintiff and its counsel which demands brief consideration. They complain that they were at a disadvantage in the trial of the case and did not get the benefit of the motion which

they filed under section 388, C. L. 1921, of our Code of Procedure, which provides, among other things, that any party having depositions on file, may, by order of the court or judge, require the opposite party to file any objections, exception or motion he may have in respect thereto within a reasonable time, or be thereafter precluded from making the same. Plaintiff's counsel say that they complied with this section by filing the motion and that they obtained an order of the court requiring the defendant within a reasonable time to file any objections to a deposition which had been taken in behalf of the plaintiff, and no objection was filed. If such a motion of plaintiff was made, and an order procured, the record does not disclose them. The court found, as matter of fact, that no such order was made and it was not found in the office of the clerk. Neither was the motion nor the order on file or upon the record. It may have been unfortunate for the plaintiff that it was unable to convince the trial court that such a motion was filed and the appropriate order entered upon it. We certainly are not at liberty, in the absence of any proof to the contrary, to interfere with the court's ruling on this matter.

Considering the whole record, and without discussing all of the interesting questions argued by counsel, we can reach no other conclusion than that the judgment of the trial court dismissing the action must be, and it is, accordingly affirmed.