## No. 18,195.

WILLIAM E. MYRICK *v.* ERLINDA GARCIA, ET AL.

(332 P. [2d] 900)

Decided December 8, 1958.

Messrs. WINNER & BERGE, for plaintiff in error.

Messrs. LEE, BRYANS, KELLY & STANSFIELD, for defendants in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS is an action to collect the balance alleged to be due on a promissory note.

The parties are here in the same order they appeared in the trial court and will be referred to as plaintiff and defendants.

Plaintiff's complaint filed August 16, 1954, as pertinent to this decision, set forth the execution and delivery by defendants to one S. J. Lee of their secured installment promissory note dated November 1, 1950, and the assignment by S. J. Lee of the instruments to plaintiff. It also alleged a balance due on said note of "approximately $2,219.92 plus interest and attorneys' fees." The note was for the principal amount of $3500.00 payable $50.00 per month beginning June 1, 1951, and was assigned before its maturity. Defendants' answer asserted *inter alia* that the note is not a negotiable instrument because of its indefinite terms, that it is void and unenforceable because of vague and unintelligible endorsements and because " * * * it appears therefrom that the purported assignment of said note to the plaintiff, was not made by the alleged holder thereof to plaintiff before maturity;" further, that the complaint does not state a claim against defendants and should be dismissed.

Defendants later filed a motion to dismiss upon somewhat similar grounds, which motion was denied; later still defendants' motion for summary judgment was also denied and the matter proceeded to trial. The record discloses that the trial court on hearing the motion for summary judgment eliminated the chattel mortgage se-

curity from consideration in the case. The reason therefor does not appear.

The note in question was offered in evidence by plaintiff and objection thereto sustained by the trial court because the note shows the payee to be "S. J. Lee" on its face, whereas on the reverse side appears an assignment by "Esther J. Lee" dated August 4, 1954. Other notations appear on the reverse side, some of which are unintelligible, and in the lower left hand corner set off by itself without explanation appears the name "S. J. Lee."

The testimony of Esther Lee on behalf of plaintiff was that she was the former wife of S. J. Lee and that by a written property settlement stipulation, which plaintiff offered in evidence, she became the owner of the note. Objection was made by defendants to this testimony as being evidence of an intermediate ownership. As a result plaintiff's counsel stated that " * * * we will ask leave to amend our complaint to conform with the evidence at the close of our case." The court then sustained the objection as being evidence of a transaction not plead and of which defendants had no notice. Defendant Eddie Garcia was then called by plaintiff and acknowledged the execution of the note and that he had made all his payments to Mrs. Lee. Plaintiff himself testified that he received the note by assignment " * * * both from Mrs. Lee and from the bank where it was pledged. First I paid off the amount that was pledged and Mrs. Lee then assigned the note to me." He did not testify as to the date of the assignment.

After first sustaining the objection to both Mrs. Lee's testimony and the introduction of the agreement with her husband, the trial court later, and again over defendants' objections, received a copy of the agreement in evidence, but rejected the original note when offered.

At the close of plaintiff's case defendants renewed their motion to dismiss, and the motion was granted. Motion for new trial was dispensed with and plaintiff is here by writ of error.

Plaintiff urges that the sole question to be determined is: Did the trial court abuse its discretion in refusing to permit plaintiff, under the facts herein recited, to amend his pleadings to conform to his proferred proof of an intermediate but not plead assignment?

As we view the record, that question need not be determined. We think the only point to be resolved is: Was it necessary for plaintiff to amend his complaint to conform to the proffered evidence? We are persuaded it was not.

Before the provisions of Rule 15 (b) apply, a trial court must first determine: What were the *material* issues made by the complaint and, was the evidence objected to at the trial within the issues made by the pleadings?

This complaint properly alleged: (1) The execution and delivery of the note to S. J. Lee, and (2) that there was a balance due plaintiff on said note. It failed to allege fully how plaintiff became the owner of the note for it recited that "S. J. Lee duly assigned said note and chattel mortgage to plaintiff," whereas plaintiff attempted to show that he had secured the note through the former wife of S. J. Lee who allegedly received it as part of a property settlement with her former husband.

The wording of plaintiff's complaint as to how he received title was not material nor yet in issue, and should have been disregarded by the trial court as mere surplusage. The material issues presented by this complaint are: (1) Did defendants execute and deliver the note, and (2) Are they in default to the holder thereof as to any balance on it? Defendants admit the execution and delivery of the note and deny there is any balance due. Those pleadings together with defendants' allegation in their answer of the question of proper assignment were the issues to be tried.

The note in question is a negotiable instrument, and plaintiff's rights are determined by the Negotiable In-

struments Law which appears·in our statutes as C.R.S. '53, 95-1-1 to 95-1-125.

First we consider the name "S. J. Lee" written on the reverse side of the note. C.R.S. '53, 95-1-63, provides that, "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser unless he clearly indicates by appropriate words his intention to be bound in some other capacity," and C.R.S. '53, 95-1-31, provides that: "The indorsement must be written on the instrument itself or upon a paper attached thereto. *The signature of the indorser, without additional words, is a sufficient indorsement.*" (Emphasis supplied.)

The above two sections appear to be in conflict with each other as to the effect of the name "S. J. Lee" which appears solo on this note.

Since the adoption of the Negotiable Instrument Act in 1897 this court has held that in an action on a note where an endorsement is denied by the answer (as here), the mere production of the note by the plaintiff is insufficient, that both the execution and endorsement must be proved. *Marks v. Munson* (1915), 59 Colo. 440, 149 Pac. 440. Compare: *Gumaer v. Sowers* (1903), 31 Colo. 164, 71 Pac. 1103.

Before the adoption of the Negotiable Instrument Act in the case of *Davis v. Johnson* (1894), 4 C.A. 545, 36 Pac. 887, it was held that a transfer of a promissory note by delivery only, vests title in the purchaser. Similar results were arrived at in *Best v. Rocky Mountain National Bank* (1906), 37 Colo. 149, 85 Pac. 1124, and in *Bromfield v. McKinley* (1912), 53 Colo. 279, 125 Pac. 493. In *Lane v. Lane* (1914), 57 Colo. 419, 140 Pac. 804, it was held that a gift transfer of a promissory note without endorsement by a deceased to his wife prior to his death, where no creditors' rights intervened, was a valid transfer, enforceable in an action by an heir of the deceased.

Reading sections 95-1-63 and 95-1-31 together and

then comparing them with C.R.S. '53, 95-1-59, which provides in pertinent part: "Every holder is deemed prima facie to be a holder in due course; * * *," the plaintiff, being holder of the note in his possession, was entitled to have it admitted in evidence, establishing a prima facie right to recover thereon.

■ It is a matter for the defendants to prove at the trial that plaintiff is not the owner (holder) of this note if they can do so. Defendants' answer merely had the effect of putting that defense in issue and does not prevent plaintiff from introducing evidence in rebuttal at the proper time. Here the difficulty at the trial arose because plaintiff attempted, on the presentation of his case in chief, to put in evidence matters which he need not have proved until defendants' evidence challenged his *prima facie* title. This might not have occurred had the trial proceeded through defendants' evidence.

To the extent that *Marks v. Munson,* supra, and *Middlesex Co. v. Jacobs* (1930), 87 Colo. 445, 290 Pac. 784, cited by defendants, are in conflict with the views expressed herein they are overruled.

We hold that plaintiff's complaint as to the material parts thereof stated a cause of action against defendants and that it was error on the part of the trial court to deny admission of the note in evidence.

■ We find no merit in defendants' claim that the note involved is not a negotiable instrument. We point out that the same results would obtain if it were not negotiable. This is because the holder of such an instrument is entitled to sue thereon as the prima facie owner.

Judgment is reversed and the cause remanded with directions to grant a new trial consonant with the views herein expressed, permitting the parties to amend their pleadings as they may be advised.

MR. CHIEF JUSTICE HOLLAND not participating.