## No. 20170.

FRANCIS WATERMAN *v.* MICHAEL THOMAS SULLIVAN.

(397 P.2d 739)

Decided December 21, 1964.

196

John R. Wall, for plaintiff in error.

John D. MacFarlane, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

This writ of error concerns questions arising from a trial to the court to collect the balance due on a promissory note. We shall refer to the parties by name.

The note, in the original amount of $695.00, was executed by Leslie Dewald, Jr., and Edna M. Dewald with Francis Waterman as an accommodation maker. It was on a form providing for interest, penalties and a 20% attorney's fee for collection on the original principal amount, and was secured by an unrecorded chattel mortgage on certain personalty owned by the Dewalds. Les-

lie Dewald, Jr., later took out bankruptcy and listed the note as one of his obligations. Neither of the Dewalds could be found at the time of the trial on the note.

The record discloses that the Dewalds later borrowed the sum of $110.00 from the original lender, the C. F. & I. Power Credit Union, which sum was not added to the note but was added to the Dewalds' ledger sheet. The complaint erroneously included this $110.00 as allegedly being owed on the note and stated that the principal sum due was $515.87 instead of $416.00 as was proved during the trial. The trial court, after hearing, entered judgment in favor of Sullivan, and against Waterman, for $416.00, interest, penalties and for an attorney's fee of 20% on the balance due of $416.00.

Several grounds relating to the admission of certain exhibits and other matters which will hereafter be discussed are urged for reversal.

As to the exhibits, it is asserted that it was error to admit Sullivan's Exhibits "B" and "C." "B" is the original assignment of the claim to Sullivan and "C" is composed of the original ledger sheets. The objection is based upon an assertion that neither exhibit had the proper ground laid for its admission and that they were not properly proved as a result thereof.

Exhibit "A," the original note, was admitted into evidence without objection. Also, there was testimony by the manager-assignor of the credit union as to the sum due thereon as well as that the assignment itself had been properly made. In addition, under C.R.S., '53, 95-1-59 and our decision in *Myrick v. Garcia,* 138 Colo. 298, 332 P.2d 900 (1958) it is well settled that a holder of a promissory note is deemed prima facie to be a holder in due course and entitled to sue thereon. Here, the note being in evidence, it was Waterman who had the burden of disproving Sullivan's ownership which he failed to do. Under this state of the record, it is immaterial as to whether the assignment was in evidence,

198

and no error could arise therefrom — even assuming it was not properly proved.

■ As to Exhibit "C" mentioned above, there was testimony relating to the amount due which was undisputed and which evidence showed that a lesser sum was due than alleged. No error arose as to that — again assuming that the exhibit was improperly admitted, which it wasn't — since it was established by other proper evidence during trial. See *Davis v. Bonebrake,* 135 Colo. 506, 520, 313 P.2d 982, 990 (1957).

■■ Waterman, without objection, introduced Leslie Dewald, Jr.'s petition for bankruptcy as Exhibit "2" for the purpose of showing a value of $400.00 placed on the pledged collateral. He asserts that the Dewald chattel mortgage should have been recorded; and that if it had been, the Dewalds would have had a credit of $400.00 thereon after foreclosure and sale. He urges that failure to have done so deprived Waterman of this credit, and that the court should now credit him with this amount leaving him only a balance of $16.00 to pay. The trial court properly held that Exhibit "2" was incompetent, as hearsay, to prove the value of the personalty; and, properly concluded that no credit could be allowed. As to whether the holder of the note had a duty, under these circumstances, to record or file the mortgage, we need not decide. We point out, however, that it was not necessary to the validity of the mortgage that it be placed of record.

■ As to the assertion that the note itself was altered due to the mistaken sum alleged in the complaint as due on the note, we perceive no error. This was explained and corrected by competent evidence during the trial and the note shows no evidence of any physical alteration thereon.

■ In regard to the alleged error in awarding an attorney's fee of 20% of $416.00, we have a different situation. Waterman urges that there was no proof of any

obligation to pay. In this he is correct unless the wording in the note itself can be taken as evidence thereof.

In *Bish v. First National Bank,* 78 Colo. 326, 329-30, 241 Pac. 537, 538 (1925) it was held that the mere fact that a promissory note provided for such fees and suit was brought on the note, the employment was proved by the action itself, and evidently that the sum claimed was, a fortiori, reasonable. And, in *Florence Oil & Refining Company v. Hiawatha Oil, Gas & Refining Company,* 55 Colo. 378, 383, 135 Pac. 454, 456-57 (1913), it was held that if a defendant was dissatisfied with the amount allowed, he had the burden of proving that it was unreasonable. Also, in *Florence* there is language that can be construed to mean that a stipulation in a note is sufficient evidence to warrant a trial court in giving judgment for the amount of the attorney's fees authorized by the note. We observe, however, in that case no issue was made as to the value of the services. In *Jones v. First National Bank,* 74 Colo. 140, 219 Pac. 780 (1923) where one issue was the reasonableness of the amount of attorney's fees allowed on a note, this court sustained the award because the bank showed that it had incurred a liability for a fee which was admittedly reasonable. In *Denver Lumber and Manufacturing Company, et al., v. Capitol Life Insurance Company,* 96 Colo. 21, 39 P.2d 1036 (1934) the reasonableness of a $2,000.00 attorney's fee provided in a note was proved by "witnesses for plaintiff" and it was the sum allowed and approved by the trial court. Recently, in *Rock Wool Insulating Co. v. Huston,* 141 Colo. 13, 346 P.2d 576 (1959), where suit was brought on a promissory note and plaintiff failed to offer any evidence in support of its claim for an attorney's fee, and argued on writ of error, that the trial court was in a position to determine its reasonableness from the general evidence before it, such as the length of the trial, the court said:

"We do not agree with this contention. The plaintiff

was entitled to recover Attorneys' fees only upon a showing that such fees had been paid or incurred and were reasonable."

In the instant case the record discloses no evidence other than the note itself as to what attorney's fees, if any, should have been allowed. In such a case today in Colorado no fee can be authorized and it was error for the trial court to enter its judgment in favor of Sullivan for any attorney's fee. In this regard any language in the *Bish* or *Florence* cases in conflict with our holding herein is expressly overruled.

Accordingly, the judgment is affirmed in part, reversed in part and remanded with directions to the trial court to deduct from the total recovery the amount allowed for attorney's fees and to enter judgment in favor of plaintiff Sullivan for the balance.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE FRANTZ concur.