# Wytheville.

## BROWN v. CHAPMAN.

### JULY 20th, 1893.

JUDGMENTS—*Remedy at Law—Injunction.*—An injunction will not be awarded to a judgment by default upon summons directed to sheriff of another county than the one where the action is brought, althought the summons was issued contrary to law, as the judgment, though erroneous, is not void, and the defendant has a complete remedy at law by motion under Code, § 3451.

Error to decree of circuit court of Wythe county, rendered at its September term, 1891, in a suit of injunction to a judgment by default, wherein F. J. Chapman was complainant and James E. Brown, the appellant, was defendant. Opinion states the case.

*Blair & Blair*, for appellant.

*Bolling & Stanley*, for appellee.

LEWIS, P., delivered the opinion of the court.

The appellee filed his bill in the circuit court of Wythe county to enjoin a judgment by default recovered against him by the appellant, at the September term, 1888, of that court, in an action of debt on bond. The process by which the action was commenced was directed to the sheriff of Roanoke county, of which county the appellee was a resident, and was

served on him in that county, as appears by the return thereon. The appellee was the sole defendant in the action, and the cause of action arose in Wythe county.

The bill was filed about three years after the judgment had become final; and the ground upon which relief was sought was that the court in which the judgment had been recovered was without jurisdiction of the case, and, therefore, that the judgment was void.

There was a demurrer to the bill, but the same was over-ruled, and the prayer of the bill granted, by the decree complained of.

Section 3215 of the Code provides that an action may be brought in any county or corporation wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein. But by section 3220 it is provided that in such a case process against a defendant to answer the action shall not be directed to an officer of any other county or corporation than that wherein the action is brought.

The process, therefore, to answer the action wherein the judgment in question was recovered was not properly directed, and was void. *Warren* v. *Saunders*, 27 Gratt., 259. But the effect of this was not to make the judgment void, though it is undoubtedly erroneous; and as the defendant (the appellee here) had a plain and adequate remedy at law, the case is not a proper one for the interference of a court of equity. *Slack* v. *Wood*, 9 Gratt., 40; *Knox County* v. *Harshman*, 133 U. S., 152.

Section 3451 of the Code provides that " the court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of the said court in the vacation thereof, may, on motion, reverse such judgment or decree for any error for which an appellate court might reverse it, if the following section had not been enacted, and give such judgment or decree as ought to be given." And, according to the express provisions of the following section, no writ of error or appeal from such judgment or decree will lie until a motion

under section 3451 be made and overruled in whole or in part.

In *Goolsby* v. *St. John*, 25 Gratt., 146, which was a bill in equity to enjoin a judgment at law, it was held, on the authority of *Davis* v. *Commonwealth*, 16 Gratt., 134, that all judgments, where there has been no appearance by the defendant, are judgments by default, within the meaning of this statute, whether the defendant was legally summoned or not. And in that case the court quoted with approval the remark in *Hudson* v. *Kline*, 9 Gratt., 379, that "it has been a favorite policy in this State, especially of late, not to afford relief in a court of equity to a party who has a plain remedy at law, except in cases of concurrent jurisdiction," and that "in all other cases he must avail himself of his legal remedy."

In the present case the appellee might not only have set up the objections he now urges in the bill at any time before the judgment was rendered (*Warren* v. *Saunders*, *supra*), but the section of the Code just quoted gives "a plain, cheap, summary and complete remedy" against the judgment itself; and of that remedy he ought to have availed himself, and not have come into a court of equity to obtain it.

This whole subject is so fully discussed in *Goolsby* v. *St. John* that we need only refer to what was there said. Here, as in that case, the bill contains no allegation which takes the case out of the general rule; and the circuit court, instead of enjoining the judgment, ought to have sustained the demurrer, and dismissed the bill.

DECREE REVERSED.