# Richmond.

SPINDLE AND OTHERS V. FLETCHER BRO. AND OTHERS.

APRIL 30, 1896.

Absent, Keith, P.*

1. CHANCERY PRACTICE—*Bill to administer trust—To subject real estate in absence of fraud or lien.*—In the absence of any charge of fraud, creditors who have no lien on the real estate of their debtor, cannot maintain a bill in equity to subject such real estate. If creditors secured by a deed of trust file a bill to administer the trust, and also to subject real estate on which they have no lien, the court should proceed to administer the trust as if that were the sole object of the bill, and deny the other relief prayed.

Appeal from a decree of the Circuit Court of Fauquier county, pronounced September 19, 1893, in a suit in chancery, wherein the appellees, Fletcher Bros., suing on behalf of themselves and others, were the complainants, and the appellants and others were the defendants.

*Reversed.*

The opinion states the case.

*Eppa Hunton, Jr.*, and *Marshall McCormick*, for the appellants.

*Jeffries & White*, for the appellees.

HARRISON, J., delivered the opinion of the court.

*Judge Keith decided the case in the Circuit Court.

It appears that the firm of Rosenberger, Spindle & Co., was conducting a banking business, and being hopelessly insolvent, their doors were closed, and various assignments made, conveying all the social assets, and the individual property of certain members of the firm for the benefit of their creditors. The appellees filed a bill on behalf of themselves and other creditors, to administer the trusts created by these assignments, alleging that, in addition to the property conveyed, the individual members of the firm owned other property, not conveyed, which should be subjected to the payment of the demands of the creditors of said firm, and especially charged that this is true as to a tract of land in Fauquier county, containing four hundred and eighteen acres, two rods, and thirty poles, standing in the name of A. R. Rosenberger and H. H. Spindle, two of the members of said firm.

Eva K. Rosenberger and Elizabeth E. Spindle, the wives respectively of A. R. Rosenberger and H. H. Spindle are, among others, made parties defendant to this bill, and file a demurrer and answer thereto in which they claim that this tract of four hundred and eighteen acres, two rods, and thirty poles of land belongs to them; that their husbands have no beneficial interest therein, and are merely the holders of the naked legal title, and file with their answer certain deeds which show that the land was gotten in exchange for a farm in Ohio, derived by them from their father. They further say that this land was sold at their instance several months before the assignments of Rosenberger, Spindle & Co., to N. Sprague, who had executed certain notes for the purchase money, and secured the same by deed of trust on said land, which notes are filed with the answer, and claimed as the property of respondents.

An examination of the several assignments made by Rosenberger, Spindle & Co., shows that neither this land, nor the notes executed by Sprague, for the purchase money

thereof, are conveyed to the trustees for the benefit of the creditors of that firm. The bill does not allege fraud, and the appellees are not judgment or execution creditors. They have no lien for the debt they assert, other than that given by the assignments. Under these circumstances appellees have no standing in a court of equity to subject the individual property of the members of the firm of Rosenberger, Spindle & Co., not conveyed by them for the benefit of their creditors. This could not be done until they had obtained a lien upon the subject sought to be subjected, unless there appeared some other ground of equity jurisdiction.

The bill filed by appellees makes a good case so far as it invokes the aid of a court of equity for the purpose of administering the trust created by the assignments of Rosenberger, Spindle & Co. This ground of the bill being clearly within the jurisdiction of the court, and the other, which seeks to subject the individual property of the members of the firm not conveyed in the assignments, being clearly without its jurisdiction, the court should have proceeded to administer the trust as if that had been the single object of the bill, and denied the relief so far as it affected the land, or the proceeds thereof now in controversy, without prejudice however to the right of appellees to inaugurate such proper proceedings as they might desire, for the purpose of subjecting if liable, said property to the payment of their debt.

Upon the merits of the case we express no opinion.

The decree appealed from must be reversed and set aside, and this cause remanded to the Circuit Court of Fauquier county, to be there proceeded with in accordance with this opinion.

*Reversed.*