# Richmond

MARY V. CHANEY V. J. P. KIBLER, ET AL.

October 7, 1938.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Whitehead & Marshall* and *Jos. I. Nachman,* for the appellant.

*Ford & Keyser, L. W. H. Peyton, Hiden, Bickers & Button, W. E. Moore, Curry Carter* and *J. M. Perry,* for the appellee.

EGGLESTON, J., delivered the opinion of the court.

J. P. Kibler, suing "on behalf of himself and all other unsatisfied creditors, lien and otherwise," of Mary V. Chaney, filed his bill in equity against her and others, alleging that he was a judgment creditor of Mary V. Chaney; that she owned certain land in Augusta county, which was subject to the liens of several deeds of trust and of his and other judgments; and praying that the land be sold and the proceeds applied to the payment of these debts. The trustees and beneficiaries in the several deeds of trust and the judgment creditors were made parties defendant to the bill and process was duly executed upon each of them.

The beneficiaries under two deeds of trust, namely, the New York Life Insurance Company and Eastburn Chaney (the latter being the husband of the judgment debtor), appeared and answered, each asserting that its or his claim was a prior lien on the property. It subsequently developed that the other deeds of trust mentioned in the bill had been paid and satisfied.

The defendant, Mary V. Chaney, demurred and answered. While on her motion certain immaterial averments were stricken from the bill, the court overruled her demurrer, which did not in any manner suggest the objections subsequently raised by her and herein considered.

The suit was regularly matured at rules and the usual reference was made to a master commissioner to ascertain and report the annual rental value of the land, the liens binding it, the order of their priorities, etc. All lien creditors were convened by the commissioner. Mrs. Chaney appeared and testified before him. In due time the commissioner filed a report fixing the liens and the order of their priorities. He reported that the lien of the Eastburn Chaney deed of trust was prior to that of the Insurance Company. He also reported that the rents and profits accruing in five years would be insufficient to satisfy the liens.

Shortly after the commissioner's report was filed, the New York Life Insurance Company filed a petition in the cause in which it alleged that since Eastburn Chaney was a surety on its claim against Mary V. Chaney, it was entitled to a lien on the security held by him. It prayed that process issue against Eastburn Chaney and Mary V. Chaney; that the court would decree that petitioner had a lien on any and all funds due to Eastburn Chaney on the deed of trust notes held by him; and that petitioner might have "all of its rights and demands involved in this cause fully adjudicated therein."

The process prayed for in the petition was served on each of the parties who answered the petition. In his answer

Eastburn Chaney denied that the Insurance Company had any lien on the funds due him and secured in his deed of trust. In her answer Mrs. Chaney admitted the validity of the claims and the order of their priorities as reported by the commissioner, with the exception of the three small liens, amounting to about $700, which had been excepted to by the Insurance Company. She joined in the exceptions to these claims.

After sustaining the exceptions of the Insurance Company and Mary V. Chaney to the three small claims, the court confirmed the report of the master commissioner and appointed special commissioners to sell the property at public auction to the highest bidder for cash.

Pursuant to this decree the property was sold on July 14, 1937, and knocked down to Edward H. Nirdlinger, the highest bidder, for $15,000 cash. The bidder made a deposit of $100 with the commissioners and was given a period of fifteen days within which to pay the balance of the purchase price and to settle the transaction.

On July 30th Nirdlinger filed a petition in the cause in which he alleged that he was not willing to comply with the terms of the sale and complete the purchase of the property, because, as he said, the entire proceedings in which the land had been ordered sold were null and void and the commissioners were unable to convey a valid title to the land. He alleged that the suit had been instituted by J. P. Kibler to enforce the lien of an alleged judgment in the sum of $1,000 with interest and costs, which had been obtained before the trial justice of Augusta county, and that said judgment was void because it was for a sum in excess of the jurisdiction of the trial justice. Acts 1934, ch. 294, p. 469, amending Code, section 4988g; Code, section 3102.

On the same day Mrs. Chaney filed a petition in which she joined in Nirdlinger's allegations as to the invalidity of the proceedings and prayed that the cause be dismissed. Her petition further prayed that should the court be of opinion that the proceedings in the cause were not fatally

defective, then, in that event, the offer of Holly Stover to purchase the property at $14,500, of which she had been advised, should not be accepted, but that the property should be readvertised and offered for sale at public auction in order that the highest possible bid therefor might be obtained.

On July 31st the commissioners reported to the court that Nirdlinger had failed to complete the purchase of the property. They recommend either that Nirdlinger's bid be rejected and the property sold for $14,500 to Holly Stover, who was the next highest bidder at that figure and who had stated in writing to the commissioners that he would accept the property and pay that price therefor; or else that the property be readvertised and resold at Nirdlinger's risk.

By a decree entered on August 2, 1937, the court deferred for further consideration the validity of Kibler's judgment, but held that even if said judgment were void, yet the court had acquired jurisdiction to proceed with the sale of the property to enforce the other liens on the land. The decree further rejected Nirdlinger's bid, refused to confirm the sale to him, forfeited his deposit of $100, and directed the commissioners to accept Holly Stover's private offer of $14,500 in cash. It directed that a deed be executed to Stover or to such person as he should in writing direct, and that the proceeds of sale be distributed in accordance with the former decree of the court acting upon the report of the master commissioner.

The purchase price of $14,500 was paid by Holly Stover, and the property, at his written direction, was conveyed by the commissioners to Louise A. Stover.

Mary V. Chaney has appealed from the decree of August 2nd refusing to dismiss the proceedings and confirming the sale to Holly Stover.

The first assignment of error is that since Kibler's judgment against Mrs. Chaney is admittedly void, the proceedings for the enforcement thereof, wherein the land was decreed to be sold, were void from their inception and should be dismissed.

It is, of course, well settled that, in the absence of statute or of some other ground for equity jurisdiction, a general creditor can not file a bill in equity to subject the lands of a living person to the payment of a debt unless such creditor has first obtained a specific lien, by judgment or otherwise, on the property sought to be subjected. *Armstrong's Adm'r* v. *Pitts*, 13 Gratt. (54 Va.) 235, 240; *Spindle* v. *Fletcher*, 93 Va. 186, 188, 24 S. E. 910; *Nunnally* v. *Strauss*, 94 Va. 255, 26 S. E. 580; *Virginia Passenger, etc., Co.* v. *Fisher*, 104 Va. 121, 138, 139, 51 S. E. 198. See also, 14 Am. Jur., pp. 686, 687, section 14; 15 C. J., p. 1388, section 16.

Moreover, the judgment sought to be enforced must be a valid and subsisting one. A void judgment will not support a creditor's bill. 14 Am. Jur., p. 687, section 15; 15 C. J., p. 1410, section 104.

In the instant case the abstract of the judgment filed as an exhibit with the bill showed that the judgment was void on its face. The bill was therefore demurrable because equity was without jurisdiction to enforce Kibler's claim, which had not been reduced to judgment and was not a lien on the land sought to be subjected.

However, this is a general creditor's suit, brought for the benefit of all lien creditors of Mary V. Chaney. These lien creditors, whose claims were evidenced by deeds of trust and judgments, were made parties defendant and process was served on each of them.

As we have already seen, the New York Life Insurance Company, one of the deed of trust creditors, filed an answer claiming a first lien on the land. Subsequently it filed a petition asking that its rights be fully adjudicated and protected. Process issued thereon. Mrs. Chaney, the debtor in the deed of trust, answered this petition and admitted the validity of this lien, but asserted that it was inferior to the lien of the deed of trust held by her husband, Eastburn Chaney. Prior to this she had already filed an answer to the bill taking the same position. Eastburn Chaney likewise filed an answer to the petition in which he insisted that

the lien of his deed of trust was prior to that of the petitioner, the New York Life Insurance Company.

The claims of these two deed of trust creditors were proved before the master commissioner, who reported on their respective priorities. Mrs. Chaney was represented by counsel, appeared and testified before the commissioner. The claims of other judgment creditors were proved, and those confirmed by the court were admitted by Mrs. Chaney in her pleadings subsequently filed to be correct.

While a court of equity lacked jurisdiction to subject the land to the payment of Kibler's claim, which had not been reduced to judgment, the intervention of the two deed of trust creditors by proper pleadings, on which issue was joined by the judgment debtor, supplied the necessary jurisdiction for the court to proceed with the cause. After the intervention of these deed of trust creditors, the cause ceased to be merely a proceeding to enforce Kibler's claim. It became a proceeding for the enforcement of the liens of the deeds of trust also. The fact that Kibler's alleged judgment was void did not, we think, deprive the court of jurisdiction which it had acquired to enforce the liens of the valid deeds of trust.

The judgment debtor admits that the court correctly ascertained the validity of the various liens on the property and the order of their priorities. In other words, she admits that precisely the same result would have been obtained if this suit had been instituted in the first instance by one of the deed of trust creditors instead of by Kibler.

*Sutherland* v. *Rasnake,* 169 Va. 257, 192 S. E. 695, is not controlling here. In that case a judgment creditor filed a bill to subject land to the payment of a judgment not in excess of $20. Code, section 6473, provides that no bill to enforce the lien of a judgment for less than $20 shall be entertained unless it appear that thirty days before the institution of the suit the judgment debtor be given written notice that suit would be instituted if the judgment were not paid within that time. We held that the requirement of this notice, which had not been given, was jurisdictional,

and hence the court was without power to decree a sale of the land in that cause.

But in that case no other lien creditor intervened and by appropriate pleading sought to have his claim enforced or supplied the necessary jurisdictional allegations for the court to proceed with the cause, as was done in the instant case.

There was no error in the lower court's refusal to dismiss the proceedings.

The next assignment of error is that the court erred in accepting the private offer of Holly Stover for the property instead of readvertising it for sale at public auction.

When Nirdlinger bid the property in at the sale the court might have accepted his bid, confirmed the sale to him, and taken the necessary steps to hold him to his contract of purchase. *Stout* v. *Philippi Mfg. Co.*, 41 W. Va. 339, 23 S. E. 571, 574, 575, 56 Am. St. Rep. 843. Had that procedure been followed the court could have ordered a resale of the property at Nirdlinger's risk, after due notice to him, and could have held him liable for any deficiency between the amount of his bid and the price obtained at a resale. *Hurt* v. *Jones*, 75 Va. 341, 347; *Whitehead* v. *Bradley*, 87 Va. 676, 682, 13 S. E. 195; *Mize* v. *Pennington Gap Bank*, 161 Va. 265, 276, 170 S. E. 594.

Instead of proceeding in this manner the court rejected Nirdlinger's bid and refused to confirm the sale to him. There was no objection to this action, nor is Nirdlinger a party to this appeal. Consequently he has been released from any obligation on his offer to purchase the property and can not now be proceeded against.

But we are of the opinion that the court erred in accepting the private bid of Holly Stover for the property. In her petition filed just prior to the confirmation of the sale, Mrs. Chaney objected to the acceptance of Stover's bid and asked that the property be readvertised for sale at public auction in order that it might bring the highest possible price. We think this procedure should have been followed. The effect of the confirmation of the sale to Stover

was to accept a private offer for the property at $500 less than the highest bid received at a public sale.

We can not agree with the argument that the judgment debtor, Mrs. Chaney, had no interest in the price realized for the property. Even if it be conceded that she had no equity therein, she was entitled to have it sold at the highest possible price in order that the proceeds might go as far as possible towards reducing her lien indebtedness on the land.

It is next assigned as error that the court erred in decreeing and confirming the sale of appellant's property in the absence of any allegation or proof that the evidence of debt enforced in the proceedings had been assessed for taxation, or that they were not subject to taxation, as provided by section 69 of the Tax Code (Code 1936, Appendix, p. 2414).

This was not called to the attention of the trial court. Since the decree confirming the sale must be set aside and the cause remanded for further proceedings, the trial court will be in a position to enter the appropriate orders to insure the payment of taxes on such of the claims herein as are taxable under the laws of this State. *Dermott* v. *Carter,* 151 Va. 81, 87, 144 S. E. 602; *Eastern Public Service Corp.* v. *Funkhouser,* 153 Va. 128, 142, 149 S. E. 503.

On September 2, 1937, the court entered a decree holding that the judgment which J. P. Kibler had obtained against Mary V. Chaney was null and void for want of jurisdiction of the trial justice before whom it had been obtained. But the court, being of opinon that the debt due by Mary V. Chaney to J. P. Kibler had been duly proved before the master commissioner, over Mrs. Chaney's objection, entered a personal judgment against her on said claim for the sum of $1,000 with interest and costs. From this decree Mary V. Chaney has likewise appealed.

We are of the opinion that the court erred in entering this personal judgment against Mary V. Chaney. This is a creditors' suit brought to subject a debtor's land to the payment of certain specific liens. The master commissioner was not empowered to take proof of claims which were not

evidenced by liens. He made no inquiry as to whether the debt asserted by Kibler was due and owing, and made no recommendation to the court that a new judgment be entered on the claim. Nor would it have been proper for him to have done so. He was concerned only with the liens on the land, their priorities and their enforcement.

Likewise, when the court ascertained that the purported judgment of Kibler was void and was therefore not a lien on the land, its jurisdiction of that claim was at an end. It had no right to enter a personal judgment in this cause against the debtor, even though the debt was admitted to be due. The creditor should have been relegated to a court of law which afforded an adequate and complete remedy for that purpose.

So much of the decree of September 2, 1937, as awards a personal judgment against the appellant is reversed and annulled, but without prejudice to the rights of the creditor, J. P. Kibler, to proceed in an action at law on said claim.

The decree of August 2, 1937, confirming the sale of the property to Holly Stover is reversed and the cause remanded for further proceedings in conformity with the views here expressed.

*Reversed and remanded.*