# Staunton

MARGARET K. COWAN, ADMINISTRATRIX OF THE ESTATE OF
J. R. K. COWAN, DECEASED v. W. R. J. ZIMMERMAN,
ET AL.

September 5, 1940.

Record No. 2176.

Present, All the Justices.

The opinion states the case.

W. J. Henson, T. S. Word and Ted Dalton, for the appellant.

W. H. Colhoun and Julius Goodman, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

For some time prior to January, 1936, W. R. J. Zimmerman, trading as Virginia Anthracite Coal Company, had mined coal from three tracts of land located in Montgomery county, Virginia. One tract was owned by Zimmerman, another was under a lease from Robert N. Harper, and the third was under a lease from J. R. K. Cowan.

On February 6, 1936, C. A. Brown, a judgment creditor of Zimmerman, suing on behalf of himself and others, filed

a bill in equity in the Court of Law and Chancery of the city of Roanoke against Zimmerman alleging the latter's insolvency, praying that the coal land owned by the debtor in Montgomery county be subjected to the lien of the judgment, and also praying that a receiver be appointed to take charge of all of the debtor's property and assets used in said mining operations in order that they might be preserved for the benefit of the creditors.

Under a decree of reference a commissioner in chancery filed a report of the real and personal assets of Zimmerman used in said mining operations, the liens thereon and the order of their priorities. A number of creditors filed claims for labor before the commissioner and asserted that they were entitled to a lien on the debtor's property under Code, section 6438, as amended by Acts 1932, ch. 329, p. 596. The commissioner held that these creditors were not entitled to labor liens under the statute. On exceptions the lower court overturned this conclusion of the commissioner and upheld the validity of the liens. On appeal we reversed that portion of the decree and sustained the conclusion of the commissioner. See *Bunts Engineering, etc., Co.* v. *Palmer,* 169 Va. 206, 192 S. E. 789.

By a decree entered on October 28, 1937, the lower court carried out the mandate of this court and ordered the distribution of the fund which had been held intact pending the outcome of the appeal. In the same decree the lower court directed a sale of the coal land owned by Zimmerman located in Montgomery county, and directed that the net proceeds of said sale, up to $2,000, be distributed *pro rata* among the labor claimants. After due advertisement the land was sold for the sum of $1,250, part of which was to be paid in cash and the balance to be evidenced by the notes of the purchaser. By a decree entered on May 25, 1938, the special commissioners were directed to consummate the sale and to pay the costs thereof.

On March 23, 1939, the special commissioners reported the closing of the sale, the payment of the costs thereof, the collection of the cash portion of the purchase price, and

the receipt of the purchaser's notes for the balance. They also reported that since the net proceeds of the sale amounted to $1,144.90, all of which was due to the labor claimants under the previous decree of October 28, 1937, the purchaser's notes had been delivered to the attorneys for the labor claimants, who on behalf of their clients had agreed to accept said notes for face value in lieu of cash. By a decree entered on the same day this report was confirmed.

In the meantime, on June 2, 1938, J. R. K. Cowan had filed a petition in the cause alleging that Zimmerman was indebted to him for royalties and rents due under the lease of one of the tracts of land in Montgomery county used in the mining operations; that on January 16, 1936, the petitioner had filed a suit in equity against Zimmerman in the Circuit Court of Montgomery county for an accounting to ascertain the amount due under the lease and to recover a judgment therefor; that the petitioner claimed a lien on the real property owned by Zimmerman (*sic*); that he had filed a *lis pendens* in the clerk's office of the Circuit Court of Montgomery county giving notice of such lien claim; that in disregard of his rights the Court of Law and Chancery of the city of Roanoke had ordered a sale of Zimmerman's real estate, and that the proceeds of such sale were then in the hands of the court. The petitioner prayed that he might be allowed to intervene in the cause of *Brown* v. *Zimmerman* and that his claim be decreed to be a lien on the real estate of Zimmerman or the proceeds derived from the sale thereof. The bill of complaint filed by the petitioner in the Circuit Court of Montgomery county against Zimmerman was filed as an exhibit with the petition.

Upon the filing of this petition the Court of Law and Chancery of the city of Roanoke ordered the special commissioners to withhold the disbursement of the proceeds of the sale of the real estate pending the determination of the petition on its merits.

J. R. K. Cowan died in December, 1938, and the suit which he had brought against Zimmerman in the Circuit Court of Montgomery county was revived in the name of

his administratrix. On January 9, 1939, this suit was transferred and removed to the Court of Law and Chancery of the city of Roanoke, where it was consolidated and heard with the suit of *Brown* v. *Zimmerman,* in which Cowan had filed his petition as stated.

It appeared from the record in the suit of *Cowan* v. *Zimmerman* that the defendant had in due time filed a plea in abatement in which it was alleged that the court was without jurisdiction of the matter because process was served on the defendant in the city of Richmond, wherein he resided, and not in the county of Montgomery wherein the cause of action arose and wherein the suit was brought.

The lower court sustained the plea in abatement and dismissed the suit of *Cowan* v. *Zimmerman.* Its action in so doing constitutes the first assignment of error.

The appellant contends that the plea in abatement should have been overruled because, as she says, that is a suit "to recover land or to subject it to a debt," which under the provisions of Code, section 6049 (as amended by Acts 1926, ch. 579, p. 999; Acts 1928, ch. 492, p. 1289; Acts 1932, ch. 71, p. 62), may be brought in the county "wherein such land or part of it may be."

When the bill is examined it will readily be seen that this contention is not sound. The bill alleges the execution of the lease between Cowan and Zimmerman, the agreement of the lessee to pay as rent certain royalties on the coal mined, the failure of the defendant to mine said coal, and default in the payment of such rentals or royalties. It prays for an accounting and a determination of the amount of rentals or royalties due the lessor and a decree for the payment thereof. The suit in no way involves the title to the land or right of possession thereof. There is no allegation that the lessee is improperly withholding possession of the property. Indeed, the allegation is that the lessee has abandoned the property. In this situation the lease provides a summary method in which it may be terminated without resort to a court of equity.

In substance, the suit is one to fix the amount of rent due the complainant, Cowan, and to recover a judgment therefor.

■ The authorities are in accord in the view that an action by a lessor to recover rent, or to recover on agreements of this character in a lease, is not a suit "to recover land" within the meaning of a venue statute such as Code, section 6049. See *Life* v. *Rugged State Development Co.,* 107 W. Va. 33, 147 S. E. 31; *Abrahamson* v. *Brett,* 143 Or. 14, 21 P. (2d) 229; *Empire Gas & Fuel Co.* v. *State,* 121 Tex. 138, 47 S. W. (2d) 265; *Central Kentucky Natural Gas Co.* v. *Stevens,* 134 Ky. 306, 120 S. W. 282. See also, 16 R. C. L., section 517, p. 1000, and 36 C. J., section 1317, p. 401, citing numerous cases.

■ Neither is it a suit to subject land to a debt within the meaning of this section.

■ It is settled in this State that in the absence of statute* a general creditor can not file a bill in equity to subject lands of a living person to the payment of a debt unless he has first obtained a specific lien, by judgment or otherwise, upon the property sought to be subjected. *Chaney* v. *Kibler,* 171 Va. 194, 200, 198 S. E. 877, 879, and cases there cited. See also, 1 Barton Chancery Practice (3d Ed.), p. 192; Lile's Equity Pleading and Practice, section 441, pp. 223, 224.

While it is true that the bill prays that "the real estate of the defendant may be sold as the court shall direct to satisfy the amount due your complainant," there is no allegation that the complainant has a lien on the land, by way of judgment or otherwise, which entitles him to such relief. Indeed, as we have already seen, the allegations in the bill show that this is merely a suit to recover money due on a contract.

■ Jurisdiction can not be based on a merely colorable claim. *Jones* v. *Bradshaw,* 16 Gratt. (57 Va.) 355, 361;

---

*See Code, section 5186, as to the subjection of lands fraudulently or voluntarily conveyed.

*Fink* v. *Denny,* 75 Va. 663, 667; *Cox* v. *Carr,* 79 Va. 28, 35; *Iron City Bank* v. *Isaacsen,* 158 Va. 609, 626, 164 S. E. 520.

And, so, in the instant case the jurisdiction can not be based on the prayer that the defendant's land in Montgomery county be subjected to the payment of plaintiff's debt when it clearly appears from the bill that the plaintiff is entitled to no such relief. See 67 C. J., section 72, p. 55.

Since the defendant, Zimmerman, did not live in Montgomery county the only basis for jurisdiction was that the cause of action arose there. Code, section 6050.

Code, section 6056, expressly provides that, with certain exceptions not here involved, process against a defendant to answer in a suit brought under section 6050 shall not be executed in any other county or city than that wherein the suit is brought.

Since process in this suit was not executed on the defendant in the county where the suit was brought it was void and the lower court was correct in sustaining the plea in abatement and in dismissing the suit brought in the Circuit Court of Montgomery county. See Burks' Pleading and Practice (3d Ed.), section 46, p. 88, section 51, p. 108, and cases there cited.

This brings us to a consideration of the second assignment of error which challenges the action of the lower court in dismissing the Cowan petition filed in the suit of *Brown* v. *Zimmerman.* The purpose of this petition was to have the petitioner share in the distribution of the proceeds of the sale of the real estate owned by Zimmerman. The lower court dismissed the petition on the ground that the decree of October 28, 1937, entered before the filing of the petition and providing for the manner of distribution of the proceeds of the sale of the real estate to be thereafter made, was a final decree which the court was without power to disturb.

The appellant points out that the property had not been sold at the time of the entry of this decree, and contends that the court had full authority at any time before the

funds were actually distributed to change the scheme of distribution to the end that she might share therein.

It is not necessary that we pass upon this contention for the matter has now become moot. As we have already seen, the record shows that on the day following that on which the decree was entered dismissing the Cowan petition, the special commissioners filed a report showing the collection by them of the purchase price of the property and the distribution of the proceeds of sale in accordance with the terms of the previous decrees of the court. By a decree entered on the same day this distribution was ratified and confirmed. Such distribution could, of course, have been prevented by the execution of a proper suspending bond, but since none was given and the fund has been distributed, it is useless for us to discuss whether the petitioner would have been entitled to share therein if the distribution had not been made. *Manufacturers Trust Co., etc.* v. *Roanoke Water Works Co.*, 172 Va. 242, 253, 1 S. E. (2d) 318, 322.

The decrees appealed from will be affirmed without prejudice, however, to the right of the appellant to proceed against the appellee, Zimmerman, in the proper forum.

*Affirmed.*