COMMONWEALTH OF VIRGINIA, EX REL. WARREN G. DUVALL v. S. S. HALL, JR., AND ANOTHER.

June 8, 1953.

Record No. 4083.

Present, All the Justices.

The opinion states the case.

*William W. May,* for plaintiff in error.

*Charles G. Stone,* for defendants in error.

SMITH, J., delivered the opinion of the court.

This in an action *ex contractu* against S. S. Hall, Jr., sheriff and resident of Fauquier county, Virginia, principal, and the United States Fidelity and Guaranty Company, a Maryland corporation, surety, for the alleged breach by Hall of the condition of his official bond, by acts committed in Prince William county.

The plaintiff, Commonwealth of Virginia, suing at the relation and for the benefit of Warren G. Duvall, filed a motion for judgment on April 25, 1952, in the Circuit Court of Prince William county, Virginia. The notice of motion for judgment with a copy of the motion for judgment, was executed on Hall on May 1, 1952, by leaving a copy of the papers posted at the front door of his home in Fauquier county. Service of process was had on the United States Fidelity and Guaranty Company on April 28, 1952, by delivering a copy of the papers to the Secretary of the Commonwealth in Richmond, which official had been appointed as statutory agent of the defendant corporation in the manner provided by law.

On May 15, 1952, the defendants filed their plea in abatement in conformity with Rule 3:6 of the Rules of Court, wherein it is alleged "that this supposed cause of action is a statutory one, based and brought upon the official bond of S. S. Hall, Jr., Sheriff of Fauquier County, Virginia, and a resident thereof, which said bond was given in said County and filed in the Clerk's Office of the Circuit Court thereof as provided by law. Hence, under the law and statutes of Virginia, plaintiff's supposed cause of action can only be filed and heard in the Circuit Court of Fauquier County."

The trial court sustained the plea in abatement and dismissed the plaintiff's motion for judgment on June 30, 1952, to which judgment we awarded the plaintiff a writ of error.

It is required by statute, Code, § 15-478, that every sheriff shall, at the time he qualifies, give an official bond as required by § 49-12. Such bond must be payable to the Commonwealth of Virginia with surety deemed sufficient by the circuit court of the

county in which the sheriff is to serve and is conditioned on the faithful discharge by the sheriff of the duties of his office.

Although such official bonds are made payable to the Commonwealth of Virginia, we have had in Virginia, since 1755[1] or perhaps since the year 1748,[2] a statute permitting an individual to proceed on an official bond. The statute now appears as § 49-19 of the Code of 1950. In the beginning the procedure for an action for the breach of a condition of an official bond was, of course, by common-law writ and declaration.[3] In keeping with the trend toward a liberalization of procedures in Virginia,[4] the Code of 1849, p. 639, c. 167, § 4, introduced a new and simpler procedure for actions on certain bonds of officers. This same procedure now appears in the Code of 1950, as § 8-716. Section 8-716 provides a remedy by motion on official bonds, but restricts the venue of such actions to "The court to or in which, or to whose clerk or office, any bond taken by an officer, or given by any sheriff, sergeant or constable, is required to be returned, filed or recorded."

Prior to February 1, 1950, when the new Rules of Court became effective, anyone injured by the breach of a condition of an official bond given by a sheriff had a choice of three modes of procedure: *viz.*, (1) by common-law writ and declaration, (2) by motion under § 8-716, and (3) by notice and motion under § 8-717 in lieu of action at law. With the adoption of the new Rules our practice and procedure were changed. Part Three of these Rules lays down the practice and procedure in actions at law, and Rule 3:1 states that "These Rules apply to all civil actions at law in a court of record seeking a judgment in personam for money only (except when a tax refund is sought), * * * "

█ There is no merit in the defendants' contention that when

---

[1] 6 Hening Statutes at Large (1819) pp. 482-3, c. 7, par. 12, May 1755.

[2] *Bibb* v. *Cauthorne*, 1 Wash. (1 Va.) 91, 92 refers to "a prior subsisting law of 1748, amended by another in 1753, which directed the giving of bonds of this sort, payable to the King, * * *."

[3] *Bibb* v. *Cauthorne, supra,* (1792) "was an action of debt brought in the name of the Commonwealth, for the benefit of *Mrs. Cauthorne,* against *William Bibb, Richard Bibb,* and *John Watson,* upon a bond executed by them, the former as Sheriff, the latter as his sureties." See also 4 Minor's Inst. 1653 (3d ed. 1893) for the form of a declaration in debt on a sheriff's bond.

[4] See *Chisholm* v. *Gilmer,* 299 U. S. 99, 57 S. Ct. 65, and the material there cited for a review of the historical background of the procedure by motion in Virginia. Also see Fowler, "Virginia Notice of Motion Procedure," 24 Va. L. Rev. 711.

§ 8-716 was enacted in 1849 the remedy therein provided became the exclusive remedy for an action for the breach of the condition of a sheriff's bond. As we have already pointed out, the right to maintain such an action by common-law writ and declaration had been in the law for about one hundred years before that statute was enacted.

The language of § 8-716 itself repels the idea that its remedy was intended to be exclusive. It provides that the court "may, on motion of any person, give judgment for so much money as he *is entitled,* by virtue of such bond, to recover *by action."* (Italics supplied.) The statute does not say "as he would have been" or "as he heretofore could have" but instead, employs the present tense, "as he *is* entitled to recover *by action."* This phraseology plainly indicates that the legislature did not intend that the statutory remedy should supersede the long established action for breach of a condition of a bond, but intended, on the contrary, that such action would continue as a concurrent, alternative remedy.

While the new Rules prescribe the practice and procedure for prosecuting actions, they do not change the law as it previously existed in regard to venue. On the question of venue, if this action had been brought prior to the new Rules by common-law writ and declaration or by notice and motion under § 8-717 in lieu of action at law, venue would have been governed by the general venue statutes, Code, §§ 8-38 and 8-39. On the other hand, if, prior to the new Rules, the plaintiff had proceeded by motion under § 8-716, venue would have been limited by the provisions of that section to the place where the bond was required to be returned, filed or recorded, which was Fauquier county. And if plaintiff's exclusive remedy had been under § 8-716, as the defendants erroneously contend, the exclusive venue would have been Fauquier county, and the instant action in Prince William county would be improperly brought and subject to abatement.

But since § 8-716 did not prescribe an exclusive remedy, it is clear that venue of an action such as that herein involved, is governed by the provisions of §§ 8-38, 8-39, and 8-716. The sole support of the defendants' plea in abatement having collapsed, the plea falls of its own weight.

■ Pleas in abatement are not favored and are strictly construed against the pleader and must be good in form as well as

in substance. Burks, Common Laws and Statutory Pleading and Practice 333-37 (4th ed., Boyd, 1952). Where, as in the case at bar, the plea in abatement is confined to one ground, which may or may not be good, the court will not ordinarily supply other grounds of possible abatement, not jurisdictional in character, in order to consider and adjudicate upon them. *Solomon* v. *Atlantic Coast Line R. R. Co.,* 187 Va. 240, 46 S. E. (2d) 369.

■ Our decision on the plea in abatement is sufficient to require that the judgment of the trial court be reversed and the case remanded for further proceedings. However, this court has observed that the trial court lacked active jurisdiction of the defendant Hall, because the service of process on him was invalid, as will hereafter appear.

Prince William county is a proper venue for the trial of this case under § 8-39, because the motion for judgment alleges that the cause of action, or a part thereof, arose in that county. Although a plaintiff may properly choose as the venue of his action the county wherein the cause of action arose despite the fact that none of the defendants resides there, the practical efficacy of that choice may be entirely destroyed by the limiting provisions of Code, § 8-47. When the venue of an action or suit is based on § 8-39, the execution of process outside the city or county of the venue is forbidden by § 8-47, except in those instances specifically enumerated therein. The first of these exceptions is § 8-47(1), which involves "An action against a corporation," and is applicable to the corporate defendant in the case at bar.[5] It follows, then, that the service of process on the

---

[5] The Code of 1919, § 6056, which was a revision of § 3220 of the Code of 1887, first carried this exception in the language which we have today. The Revisors' Note to § 6056, Code of 1919, states "The language of the second paragraph [the exception where the action is against a corporation] of the revised section *includes all corporations,* and is not restricted to 'a railroad, express, canal, navigation, turnpike, telegraph or telephone company,' as was the case formerly. This extension *is* in consequence of the changes made in sections 6063 [§ 8-59, Code of 1950. 'How process served on domestic corporation'] and 6064 [§ 8-60, Code of 1950. 'How process served on a foreign corporation']." (Italics supplied.)

The exception in § 8-47(2) might seem to apply to this situation. This exception reads, "An action upon a bond taken by an officer under authority of some statute; * * *." However, this exception applies only to bonds *taken* by an officer, such as indemnifying bonds, § 8-229, and other similar bonds. The distinction is clearly recognized in § 8-716, which refers to "any bond *taken* by an officer, or *given* by any sheriff, * * *."

It was argued that this case comes within the 3rd exception in § 8-47, "An action to recover damages for a wrong; * * *." However, it is clear that this exception does not apply, because the action under consideration is *ex contractu* and not for the recovery of damages for a wrong.

corporate defendant legally could be sent out of the county of venue under the provisions of § 8-47(1).  See also §§ 8-60 and 13-214.

In so far as the defendant surety company is concerned, venue was properly laid in the county of Prince William and process was legally executed in the manner provided by law; therefore, there was sufficient foundation for a personal judgment against the said surety company, if the other requisites therefor exist.

However, when we come to consider the position of the defendant Hall, the situation is quite different.  Although, as we have said before, service of process on the defendant corporation could be executed outside the county of venue under the authority of § 8-47(1), there is no exception in § 8-47 which permits process against the defendant Hall to be executed in any county other than that wherein the action was instituted. The service of process on Sheriff Hall having not been legally executed, is invalid.  *Cowan* v. *Zimmerman,* 176 Va. 16, 10 S. E. (2d) 555; *Brown* v. *Chapman,* 90 Va. 174, 17 S. E. 855; *Warren* v. *Saunders,* 27 Gratt. (68 Va.) 259.  See also *Pereira* v. *Davis Financial Agency,* 146 Va. 215, 135 S. E. 823.

Where the service of process on a defendant is invalid, because it was not legally executed, objection thereto may be made informally by motion, Code, § 8-118, or in case of non-appearance of the defendant, the court will itself raise the objection, if observed, and no formal plea is required.  *Hilton & Allen* v. *Consumers' Can Co.,* 103 Va. 255, 48 S. E. 899; Lile's Equity Pleading and Practice 10-11 (3d ed., Meade, 1952).

The judgment complained of is reversed and the case is remanded for further proceedings not in conflict with the views expressed herein, with the right, however, reserved to the defendant Hall to move for a dismissal as to him, if he be so advised.

*Reversed and remanded.*