BUMGARDNER, Judge,
dissenting.
I respectfully dissent because I conclude the trial court lacked active jurisdiction to hear the appeal. The Virginia Retirement System demurred to the petition for appeal and stated, “without proper service of process this Court has no jurisdiction.” That raised the issue that the parties briefed and argued to this Court en banc: Is delivery of process by Federal Express service of process?
Avery never served process on the agency. She mailed a copy of the petition for appeal. After the demurrer raised the issue of lack of service, she had process issued but had it delivered by Federal Express. Avery argues that delivery by Federal Express was service of process as required by the Administrative Process Act and Rule 2A:4.
As the majority opinion defines “subject matter jurisdiction,” it is referring to what is also called “potential jurisdiction.” That is, “the power granted by the sovereignty creat *218 ing the court to hear and determine controversies of a given character.” Edwin B. Meade, Lile’s Equity Pleading and Practice 5 (3d ed.1952). It is distinguished from “active jurisdiction” which is the right to. exercise potential jurisdiction in a particular case. “We may therefore, define active jurisdiction as the right to exercise the potential jurisdiction in a given case. In other words, active jurisdiction connotes potential jurisdiction, plus such conditions of fact in the particular case, as are necessary to enable the court, under existing rules, to hear and determine that cause.” Id. at 6 (emphasis in original).
‘Where potential jurisdiction exists, active jurisdiction, which ... is the right actually to exercise the judicial function of hearing and determining a particular cause, may be acquired two ways: (1) By valid and compulsory process of the court; and (2) By the voluntary submission of the parties.” Id. at 10. See W. Hamilton Bryson, Bryson on Virginia Civil Procedure 107 (3d ed.1997).[3] The issue in this case is not whether the trial court had the authority to hear appeals from administrative agencies, but whether it had active jurisdiction to hear this particular appeal.
“If service of process was not proper or if its issuance was faulty, the court without more does not have active jurisdiction over the parties, and all proceedings in the case are void. Objections to service of process and active jurisdiction can be raised at any time before a general appearance, in any manner, and by anyone including the judge. The sooner the matter is raised, however, the better.” Bryson, at 138. “Ob *219 jections to process must be made prior to or simultaneously with a pleading to the merits. If they are made afterwards, the pleading to the merits, which constitutes a general appearance, will be considered a waiver of the objection.” Id.
“Pleading to the merits of a case without raising the process point will constitute a waiver of defective service of process, as will any appearance by a party, other than for the purpose of objecting to process.” Kent Sinclair and Leigh B. Middleditch, Jr., Virginia Civil Procedure 364 (3d ed.1998) (footnote omitted). The Virginia Retirement System objected to the service of process in its initial pleading. Thus, it did not voluntarily submit to the active jurisdiction of the trial court. If service of process was not proper, the trial court did not have active jurisdiction entitling it to exercise its potential jurisdiction to hear this appeal.
In Mayo v. Dep’t of Commerce, 4 Va.App. 520, 358 S.E.2d 759 (1987), this Court held that the time limitation in Rule 2A:4 for filing a petition for appeal was mandatory and the trial court was not authorized to extend the limitation. The Court made an analogy between the rules governing appeals to the Supreme Court and the time requirements for appeals to circuit courts from decisions of administrative agencies. “Generally, rules governing appeal procedures are mandatory and ‘compliance with them is necessary for the orderly, fair and expeditious administration of justice.’ ” Id. at 522, 358 S.E.2d at 761 (citation omitted).
Sours v. Virginia Bd. for Architects, et al., 30 Va.App. 313, 321, 516 S.E.2d 712, 716 (1999), held, “Rule 2A:4 requires that the petition for appeal be filed and that the filing include all steps required to cause the petition to be served on the necessary parties.” Because the petition for appeal was actually served, failure to pay the writ tax did not defeat jurisdiction.
Avery never served the Virginia Retirement System with process. The delivery by Federal Express did not comply *220 with Code §§ 8.01-293(A)(2)[4] and -325,[5] which specify how a qualified person other than the sheriff serves process. See Harrel v. Preston, 15 Va.App. 202, 206, 421 S.E.2d 676, 678 (1992) (nothing in record established that process server was qualified to serve process, so the trial court did not acquire personal jurisdiction over defendant).
The trial court did not have active jurisdiction entitling it to exercise its potential jurisdiction (subject matter jurisdiction) to hear Avery’s appeal because she did not serve process on the Retirement System and it did not voluntarily submit to the authority of the court. Accordingly, I conclude the trial court had no authority except to dismiss the appeal. See Commonwealth ex rel. Duvall v. Hall, 194 Va. 914, 918, 76 S.E.2d 208, 211 (1953).

. "In addition to having authority over the subject of the litigation, a court must have jurisdiction over the parties to or the property of a particular lawsuit. Jurisdiction over persons is called active jurisdiction. It presupposes potential jurisdiction; it is the ability of a court to exercise its general subject matter jurisdiction in a particular cause between the parties before the court. Active jurisdiction is a matter giving the defendant notice that his rights are going to be adjudicated so that he may appear in court and present his defenses. The essence of active jurisdiction is fairness to the defendant. Active jurisdiction is acquired by a court by either service of process on the defendant or by the voluntary appearance of the defendant in court.” Bryson, at 107.

. Code § 8.01-293. Who to serve process.
A. The following persons are authorized to serve process:
1. The sheriff within such territorial bounds as described in § 8.01-295; or
2. Any person of age eighteen years or older and who is not a party or otherwise interested in the subject matter in controversy.

. Code § 8.01-325. Return by person serving process.
Unless otherwise directed by the court, the person serving process shall make return thereof to the clerk’s office within seventy-two hours of service, except when such return would be due on a Saturday, Sunday, or legal holiday. In such case, the return is due on the next day following such Saturday, Sunday, or legal holiday. The process shall state thereon the date and manner of service and the name of the party served.
Proof of service shall be in the following manner:
1. If service by sheriff, the form of the return of such sheriff as provided by the Rules of the Supreme Court; or
2. If service by any other person qualified under § 8.01-293, whether service made in or out of the Commonwealth, his affidavit of such qualifications; the date and manner of service and the name of the party served; and stamped, typed, or printed on the return of process, an annotation that the service was by a private server, and the name, address, and telephone number of the server....