## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Bank of Hampton Roads

    v.

Power Plant Hotels One, L.L.C.

           Case No. (Civil) CL11-1940

Bank of Hampton Roads

    v.

Williamsburg Lodging
Associates, L.L.C.

           Case No. (Civil) CL11-1941

           September 28, 2011

BY JUDGE MARJORIE T. ARRINGTON

This matter is before the Court on Defendants' Motions for Change of Venue. The Court has considered Defendants' motions and arguments of counsel. The Court denies Defendants' motions.

Virginia Code § 8.01-261(3)(b) states in pertinent part: "The following forums are designated as places of preferred venue for the action specified . . . The county or city wherein the subject land, or a part thereof, is situated in . . . actions . . . [t]o subject land to a debt. . . ." The question is whether the present action is one in which the Plaintiffs are subjecting land to a debt. This Court finds that it is not such an action.

The Virginia Supreme Court examined the scope of this provision in the case cited by the Plaintiff: *Cowan v. Zimmerman*, 176 Va. 16, 10 S.E.2d 555 (1940). The Court held that the Plaintiff's action to recover rents and royalties was not "a suit to subject land to a debt within the meaning of this section" because the Plaintiff had not obtained the specific lien, by judgment or otherwise, that is necessary to file a bill in equity to subject lands to a debt. *Id.* at 22, 557. In the present case, Plaintiff is likewise not suing to subject land to a debt. Plaintiff has already subjected the Defendants'

respective properties to debts by entering into loan agreements in which it became the beneficiary of Deeds of Trust. Plaintiff seeks contract damages for a breach of that agreement. Section 8.01-261(3)(b) is not applicable.

The Court denies Defendants' Motions for a Change of Venue.